MIXER v. BENNETT ET AL.

70  329
114  203

70  329
141  153

1. **Evidence:** HANDWRITING: COMPARISON. It is error to permit persons not shown to be experts to testify respecting the authorship of handwriting by comparison. (Code, § 3655.)

2. ———: FORECLOSURE OF MORTGAGE: SIGNATURE DENIED: EVIDENCE: CERTIFICATE OF ACKNOWLEDGMENT. In an action to foreclose a mortgage securing notes, where the notes were described in the mortgage, and the execution of the notes and mortgage was denied, *held* that the

introduction of the notes and the duly acknowledged mortgage made a *prima facie* case for the plaintiff upon the issues joined. (Compare *Borland v. Walrath*, 33 Iowa, 130.)

## *Appeal from O'Brien Circuit Court.*

### TUESDAY, DECEMBER 14.

THIS is an action for the foreclosure of a mortgage upon certain real estate. The hearing in the court below resulted in a decree in favor of the defendant Julia E. Bennett, the owner of the real estate and principal mortgagor, and in favor of the defendant L. B. Bennett, a purchaser of the real estate after the record of said mortgage. The other defendants were defeated, and judgment and decree were rendered against them. Plaintiff appeals.

*Warren Walker*, for appellant.

*C. H. Bullis*, for appellees.

ROTHROCK, J.—Julia E. Bennett was the owner of a lot in the town of Sheldon. L. F. Bennett is her husband. The plaintiff claims that on the fifteenth day of July, 1880, the said defendants executed and delivered to him four promissory notes, for $100 each, and that at the same time they executed and delivered a mortgage upon the lot to secure the payment of the notes. The mortgage was duly acknowledged on the day of its date, and on the twenty-first day of July, 1880, it was filed for record, and recorded.

Julia E. Bennett, in answer to the petition for a foreclosure of the mortgage, denied the execution of the notes and mortgage, and L. B. Bennett, the subsequent purchaser from her, filed an answer denying that she executed the mortgage. L. F. Bennett, who joined Julia E. Bennett in the execution of the notes and mortgage, and one Stone, who was made a party defendant, made no answer, and judgment and decree were entered against them by default.

The only issue tried was whether Julia E. Bennett executed the notes and mortgage. The plaintiff introduced in evidence the promissory notes and the mortgage without objection from the defendant. He also introduced certain letters written by L. F. Bennett, in which the mortgage debt was admitted to be a valid obligation. These letters were excluded, on motion of the defendant, as not the act of Julia E. Bennett. He also introduced in evidence the signature of Julia E. Bennett to the answer which she filed in the case.

1. EVIDENCE: handwriting: comparison. Julia E. Bennett was not examined as a witness. The only evidence introduced in her behalf was that of two witnesses, who testified that, in their opinion, certain signatures of Julia E. Bennett and J. E. Bennett were not in the same handwriting. The record does not show what signatures were shown to the witnesses, and it does not appear that the witnesses claim to be experts in determining the genuineness of handwriting by comparison. The plaintiff objected to the evidence on this ground, and the objection was overruled. It is plain that the objection should have been sustained. Evidence respecting handwriting by comparison should be by experts. Code, § 3655.

2. ——: foreclosure of mortgage: signature denied: effect of certificate of acknowledgment. When the plaintiff introduced the mortgage in evidence, with the certificate of acknowledgment attached, he made a *prima facie* case upon the issue joined between the parties. In *Borland v. Walrath*, 33 Iowa, 130, the execution of a mortgage was put in issue, and it was said: " The certificate of acknowledgment, we concede, is to have weight in determining the question. It certainly makes a *prima facie* case. This is the least that can be claimed for it. At all events, a party seeking to defeat his deed because it was not acknowledged by him ought to make a clear case against the certificate of the officer, in order to overthrow the instrument."

Now, while it may be true that the introduction of the promissory notes in evidence was no proof of their execu-

tion, yet, when the acknowledged mortgage was introduced, it proved, not only its execution, but the execution of the notes, for they are fully described in the mortgage, which recites that they were executed by Julia E. Bennett.

The decree of the circuit court will be reversed; and, as the cause is triable anew in this court, a judgment may be entered here, as against the makers of the notes, for the amounts now due thereon, including legal attorney's fees provided for in the notes, and a decree of foreclosure against all the defendants, as prayed in the petition; or, at plaintiff's option, the cause will be remanded for judgment and decree in the court below, in accordance with this opinion.

REVERSED.