JOSEPH L. MINER v. CHARLES A. LORMAN.

[See 56 Mich. 212; 59 Id. 480.]

*Partnership—Evidence of settlement—Cross-examination.*

1. Where, in a suit involving a settlement of partnership accounts, the plaintiff testified that such settlement was made from a memorandum made from the books by a third party, which the defendant denied,—

   *Held*, that it was for the jury to determine the fact, and that the memorandum was properly admitted in evidence.

2. On the third trial of a case involving an alleged partnership accounting, the defendant, who had denied being a copartner on the former trials, testified that such partnership did exist, explaining the discrepancy in his evidence by stating that he did not suppose that his arrangement with the plaintiff constituted a partnership. On cross-examination he was asked if there was any reason why such partnership should not have been formed, and he answered that he had given a bond not to engage in the business carried on by the plaintiff and defendant.

*Held*, proper cross-examination, under the circumstances, within the discretion of the trial court.

Error to Wayne. (Jennison, J.) Argued June 15, 1887. Decided June 23, 1887.

Assumpsit. Defendant brings error. Affirmed. The facts are stated in the opinion, and in the former reports of the case.

*George H. Prentis*, for appellant.

*William J. Gray* and *C. J. Reilly*, for plaintiff.

MORSE, J. This is the third time this case has been here before us. It will be found reported in 56 Mich. 212, and in 59 Id. 480; and we deem it unnecessary to again state the facts of the case in detail.

The action is based upon an alleged settlement of partnership accounts between the parties. The plaintiff introduced in evidence a memorandum purporting to be drawn from the books of the firm by one Sanderson, from which it was claimed the settlement was made. The defendant objected to its being admitted in evidence as incompetent and immaterial. The plaintiff testified that they made the settlement from this memorandum, which was drawn from the books by Mr. Sanderson, instead of going through the books themselves. Although this was denied by the defendant, the fact of such settlement being made from it was for the jury to determine. It was therefore properly admitted in evidence.

The defendant testified on this trial that he had been in partnership with plaintiff, and admitted that on the first and second trials he had testified that he had not been in copartnership with him. In explaining this discrepancy, he said that he did not suppose, until informed recently that his arrangement with defendant constituted a copartnership; inasmuch as he put no money in the business; plaintiff fur-

nishing the funds, and defendant sharing in the profits, and receiving $800 besides. He was then asked, on cross-examination, if there was any reason why he should not form a regular copartnership with plaintiff. This was objected to as immaterial.

It appeared from his answer that he had been in the ice business before, and had leased such premises for five years, agreeing during such time not to engage in the same business, and giving bonds to keep such agreement. It is claimed by defendant's counsel that this matter had no legal connection with the issue on trial, and that this answer prejudiced the defendant before the jury.

We think it was proper cross-examination, under the circumstances, within the discretion of the trial court.

Complaint is also made of the closing argument of plaintiff's counsel. It is insisted that such counsel abused his privilege, and by introducing and referring to facts not in evidence, and in commenting upon the defendant's plea of the statute of limitations and his failure to introduce certain evidence, the said counsel was allowed improperly to influence the jury against the defendant.

It would appear from the record that the remarks of plaintiff's counsel upon which error was assigned were evidently in answer to matters brought to the attention of the jury by defendant's counsel, and we do not think they were so far out of the way as to justify a reversal of the cause.

The judgment is affirmed, with costs.

The other Justices concurred.