LATIMER ET AL., APPELLANTS, *v.* NELSON ET AL., RESPOND-
ENTS.

(No. 3,326.)

(Submitted May 23, 1913.   Decided June 19, 1913.)

[133 Pac. 680.]

*Injunction  Order—Record  on  Appeal—Identification  of  Copies
—Bill  of  Exceptions.*

1.   The copies of papers constituting the record on appeal from an
order (refusing to issue an injunction *pendente lite*) must be identified
as copies of the papers used at the hearing in the district court, by a
bill of exceptions, settled in a certificate of the judge; a certificate
by the clerk to the effect that they are correct copies being insufficient.

*Appeal from District Court, Missoula County; Asa L. Dun-
can, Judge.*

ACTION by John R. Latimer and others against Frank Nel-.
son, Daniel L. McQuarrie and John J. Flynn, as the board of
commissioners of Missoula county.   From an order refusing to
issue an injunction *pendente lite,* plaintiffs appeal.   Affirmed.

Cause submitted on briefs of counsel.

*Messrs. James L. Wallace, Charles N. Madeen,* and *W. J.
McCormick,* for Appellants.

*Mr. Frank A. Roberts,* and *Mr. Dan. J. Heyfrom,* for Re-
spondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of
the court.

This is an appeal from an order of the district court of Mis-
soula county refusing to issue an injunction *pendente lite.*   The
principal question submitted for decision involves the validity
and construction of Chapter 30 of the Laws of the Twelfth
Legislative Assembly.   When the appeal was perfected, the
plaintiffs presented to this court their petition asking that an
injunction issue pending the appeal under the rule of this
court relating to appeals from injunction orders.   (Rule XXI,

44 Mont. xxxix.) The petition was granted upon terms, and thereafter the hearing was upon motion of counsel expedited. We are precluded, however, from considering the appeal on the merits for the reason that counsel for the appellants have failed to file a properly authenticated transcript of the record of the [1] district court upon which the order was made. The record submitted consists of the petition presented to this court at the time the injunction was issued, embodying copies of the pleadings, certain affidavits and a stenographic report of the evidence of one of the defendants. But while these are certified to by the clerk as correct copies, they are not embodied in a bill of exceptions identifying them as the papers used at the hearing in the district court. Section 7113, Revised Codes, provides: "On appeal from an order, except an order granting or refusing a new trial, the appellant must furnish the court with a copy of the notice of appeal, of the judgment or order appealed from, and of papers used on the hearing in the court below." Section 7115 provides that the copies referred to in the preceding sections must be certified to as correct by the clerk or attorneys. As has been repeatedly announced by this court, while this latter section authorizes the clerk or attorneys to certify that the copies furnished are correct copies, it does not authorize either to convey to this court in a certificate the information that the copies furnished are copies of the papers actually used as the basis of the order from which the appeal is taken. This information can be furnished only by a bill of exceptions, settled by a certificate of the judge in the usual way. (*Rumney Land & Cattle Co.* v. *Detroit & Mont. C. Co.,* 19 Mont. 557, 49 Pac. 395; *Cornish* v. *Floyd-Jones,* 26 Mont. 153, 66 Pac. 838; *Emerson* v. *McNair,* 28 Mont. 578, 73 Pac. 121; *In re Dougherty's Estate,* 34 Mont. 336, 86 Pac. 38.) Since we are not furnished with a transcript which we can accept without question as a copy of the record upon which the district court based its order, we must observe the rule adopted in the cases cited and decline to consider the appeal on the merits. The order is therefore affirmed.          *Affirmed.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SANNER concur.