## DE SANDRO, RESPONDENT, v. MISSOULA LIGHT & WATER CO., APPELLANT.

(No. 3,648.)

(Submitted March 29, 1916.   Decided May 3, 1916.)

[157 Pac. 641.]

*Personal Injuries — Master and Servant — Expert Witnesses — Hypothetical Questions—Removal of Causes—Bill of Exceptions—Record on Appeal.*

Appeal and Error—Removal of Causes—Bill of Exceptions—Record on Appeal.
    1.   An order denying a petition to remove a cause to the federal court cannot be reviewed on appeal where it is not brought into the record by bill of exceptions with the petition and bond, properly authenticated.

Personal Injuries—Expert Witnesses—Who may be.
    2.   In an action to recover damages sustained by the caving in of a ditch while plaintiff was at work, laborers who had experience in digging trenches for gas and water pipe and in excavating for buildings could properly testify as experts as to where in the ditch, in their opinion, the fall of earth first began.
    [As to qualification of witness to testify as expert as resting in discretion of trial court, see note in Ann. Cas. 1912D, 817.]

Same—Hypothetical Questions—Procedure.
    3.   In putting a hypothetical question to a witness, counsel may assume as established all the facts in evidence tending directly or by fair inference to establish his theory of the case, and need not include all the evidence on the subject, opposing counsel having the privilege of including such matters as he deems improperly omitted, in questions propounded by himself; whereupon it is the province of the jury to say whether the facts assumed by the questions were established and whether the opinion based on them has any probative value.

*Appeal from District Court, Missoula County; J. E. Patterson, Judge.*

ACTION by Angelo De Sandro against the Missoula Light and Water Company, and another. Judgment for plaintiff, and defendant corporation appeals from it and an order denying it a new trial. Affirmed.

*Messrs. W. M. Bickford, Wm. L. Murphy* and *Wm. Wayne,* for Appellant, submitted a brief; *Mr. Murphy* argued the cause orally.

Upon the second trial of this case there were but two parties, to-wit: Angelo De Sandro, a citizen of Montana, plaintiff, and

the Missoula Light and Water Company, a citizen of Washington, defendant, presenting a clear case of diversity of citizenship upon which the defendant was absolutely entitled to a removal of the cause into the federal court upon application made at the first opportunity. (*Powers* v. *Chesapeake & O. R. Co.*, 169 U. S. 92, 42 L. Ed. 673, 18 Sup. Ct. Rep. 264; *Boatmen's Bank* v. *Fritzlen*, 75 Kan. 479, 22 L. R. A. (n. s.) 1235, 89 Pac. 915; affirmed, *Fritzlen* v. *Boatmen's Bank*, 212 U. S. 364, 53 L. Ed. 551, 29 Sup. Ct. Rep. 366; *Fogarty* v. *Southern Pacific Co.*, 121 Fed. 941; *Aetna Indemnity Co.* v. *Little Rock*, 89 Ark. 95, 115 S. W. 960; *Bacon* v. *Rives*, 106 U. S. 99, 104, 27 L. Ed. 69, 1 Sup. Ct. Rep. 3; *Yarde* v. *Baltimore & O. R. Co.*, 57 Fed. 913, 915.)

The evidence leaves entirely to conjecture or guess the following considerations upon which alone liability could be predicated, to-wit: (a) Where did the caving start? Was it in a completed section of the ditch or in the section where plaintiff was working, the risk of which ground conditions he assumed? (b) What started the caving? Was it something done by plaintiff himself? Was it something purely accidental, the risk of which he assumed? Was it something for which the defendant was liable? (c) If it started from some cause involving negligence of the defendant, was there any causal connection between such negligence and plaintiff's injury? The evidence does not tend to answer any of these questions, and the language of this court upon the former appeal is applicable. (See, also, S*haw* v. *New Year Gold Mines Co.*, 31 Mont. 138, 77 Pac. 515; *Andree* v. *Anaconda Copper Min. Co.*, 47 Mont. 554, 133 Pac. 1090; *Wallace* v. *Chicago, M. & P. S. R. Co.*, 48 Mont. 427, 138 Pac. 499; *Howard* v. *Flathead Ind. Tel. Co.*, 49 Mont. 197, 141 Pac. 153.) At the close of the evidence the plaintiff was, therefore, in exactly the condition mentioned in *Gleason* v. *Missouri River Power Co.*, 46 Mont. 395, 128 Pac. 586, where it is said: "Unless the cause of this injury is attributable to the plaintiff's own act, then it was left entirely to conjecture and speculation and the verdict is but the result of the jury's guesswork, and upon such flimsy groundwork a judgment cannot rest."

*Mr. John H. Tolan* and *Mr. R. F. Gaines,* for Respondent, submitted a brief; *Mr. Gaines* argued the cause orally.

Commencing with the decision in the case of *Whitcomb* v. *Smithson,* 175 U. S. 635, 637, 44 L. Ed. 303, 20 Sup. Ct. Rep. 248, and continuing to date the supreme court of the United States has consistently and persistently limited the exception to the rule as to time of filing of petitions of removal cases such as *Powers* v. *Chesapeake & O. R. Co.,* 169 U. S. 92, 42 L. Ed. 673, 18 Sup. Ct. Rep. 264, wherein the circumstance which resulted in a separable controversy was a direct consequence of a voluntary act of plaintiff either in dismissing the action as to the other defendant or in amending his pleadings so as to show the existence of a separable controversy. In instances where a resident defendant has been removed from the action by the sustaining of a demurrer to the evidence, or the granting of a motion for nonsuit, or the granting of directed verdict and a dismissal of action by the supreme court of a state as to one defendant, there have been attempts to invoke this exception, but in all cases the supreme court of the United States has uniformly held that where the resident defendant is removed from the case by any act other than that of plaintiff, and plaintiff has insisted upon the liability of such defendant until a court or jury has said it did not exist, no right of removal exists. (*Whitcomb* v. *Smithson,* 175 U. S. 635, 637, 44 L. Ed. 303, 304, 20 Sup. Ct. Rep. 248; *Kansas City Sub. Belt R. Co.* v. *Herman,* 187 U. S. 63, 47 L. Ed. 76, 23 Sup. Ct. Rep. 24; *Alabama G. S. R. Co.* v. *Thompson,* 200 U. S. 206, 4 Ann. Cas. 1147, 50 L. Ed. 441, 26 Sup. Ct. Rep. 161; *Lathrop, Shea & H. Co.* v. *Interior Const. etc. Co.,* 215 U. S. 246, 54 L. Ed. 177, 30 Sup. Ct. Rep. 76; *Deming* v. *Carlisle Packing Co.,* 226 U. S. 102, 57 L. Ed. 140, 33 Sup. Ct. Rep. 30.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

On the second trial of this cause heretofore ordered by this court (48 Mont. 226, 136 Pac. 711), the plaintiff had a verdict

and judgment. The defendant has appealed from the judgment and an order denying it a new trial. The opinion delivered on the former appeal contains a statement of the issues involved' and of the facts necessary to illustrate the question submitted on these appeals.

It appears from that statement that at the first trial the jury returned a verdict against the defendant corporation and in favor of its codefendant Hadalin. The judgment as to the latter was permitted to become final, and thus he was eliminated from the case. As soon as the *remittitur* from this court was filed in the district court, counsel for the defendant corporation applied for an order removing the cause to the United States court for the district of Montana. After argument the application was denied. Counsel for the defendant has made this ruling the subject of their first assignment of error.

We are unable to review the action of the court in denying **[1]** the petition. We have no doubt that it would have been reviewable on appeal from the judgment as an intermediate order, as was done in *Golden* v. *Northern Pacific Ry. Co.*, 39 Mont. 435, 18 Ann. Cas. 886, 34 L. R. A. (n. s.) 1154, 104 Pac. 549, if it had been properly brought into the record by bill of exceptions, along with the petition and bond. This was not done. Though a petition, bond and the order are incorporated in the transcript, they are not identified in any way. There is therefore no authenticated record before us to which we may look with safety to ascertain upon what the action of the court was based. (*Latimer* v. *Nelson*, 47 Mont. 545, 133 Pac. 680.) If it be assumed that the order is a part of the judgment-roll, the petition and bond are not. (Rev. Codes, sec. 6806.) The order on its face does not disclose the reason of the court's action. Whether the petition disclosed a case showing that the federal court had jurisdiction, or whether the bond was sufficient, we are unable to say. Beyond the statement in the order that "defendant's petition for the removal of this action, *etc.*, is denied," it does not appear that any petition was filed. But counsel say that the order denying the petition was made in

their absence, and insist that under the express provision of the statute it was deemed excepted to and became a part of the record without a bill of exceptions. (Rev. Codes, sec. 6784.) There is nothing in the record disclosing whether counsel were present or not. Even so, it was necessary to have the papers upon which the order was based authenticated in some way. This could be done only by bill of exceptions. (*Borden* v. *Lynch*, 34 Mont. 503, 87 Pac. 609; *Latimer* v. *Nelson, supra.*)

The plaintiff's injury was caused by the caving of a ditch which he was engaged with others in excavating. On the former appeal it was pointed out that the evidence wholly failed to disclose whether the fall of earth by which plaintiff was injured was due to the negligence of the defendant corporation in failing to crib the completed portion of the ditch, or by the act of the plaintiff himself in the construction of that portion of it in which he was at work. It was held that, if the fall had been shown to be due to the failure of the defendant to crib the completed portion, the fall beginning in that portion and extending to the part where the plaintiff was at work thus causing the fall there, a case would have been made fixing liability upon the defendant; but that, inasmuch as the evidence did not show this, but left room for the inference that the cause of the fall was plaintiff's own carelessness during the course of his work, it failed to show a causal connection between the injury and defendant's negligence, even though it appeared that the fall extended to the completed portion of the ditch, and hence a case of liability was not made out. The plaintiff was the only eye-witness of [2] the accident, and, since he could not say at what point the fall started, two witnesses were called and permitted to say where, in their opinion, accepting as proven the facts detailed with reference to the observed difference in the character of the soil at the point where plaintiff was working, from that along the completed portion, the fall first began. Counsel for the defendant objected on the grounds that the subject was not one pertaining to an art, science or trade, and that the question put

to the witness incorporated a fact not disclosed by the evidence either directly or by fair inference.

The theory upon which expert testimony is held competent is that there are persons whose knowledge of a science, art or trade being superior to that of the mass of mankind, qualifies them to express an opinion upon any matter pertaining thereto. That the subject under inquiry here was such as to permit resort to expert evidence we have no doubt. One who has had experience in work such as that called for by the digging of ditches for gas and water pipe and excavating for buildings, from the necessity of the case has been required to note the character and consistency of the different kinds of earth under varying conditions. He must therefore be presumed to have special knowledge of the subject which the mass of mankind does not and cannot possess, whether his work is technically designated as a science, art or trade, or not. This brings the case within the rule of the statute, and, the witnesses having shown a special knowledge on the subject, it was competent to take their opinion. (*Copenhaver* v. *Northern Pacific Ry. Co.*, 42 Mont. 453, 113 Pac. 467; *State* v. *Keeland*, 39 Mont. 506, 104 Pac. 513.)

In putting a hypothetical question to a witness, counsel has [3]    the right to assume as established, for the time being, all the facts in evidence tending, directly or by fair inference, to establish his theory of the case. (*State* v. *Peel*, 23 Mont. 358, 75 Am. St. Rep. 529, 59 Pac. 169.) He need not embody all the evidence on the subject to which it relates. If opposing counsel does not think the question incorporates all of the facts in evidence he can include them in questions propounded by himself. (*State* v. *Crowe*, 39 Mont. 174, 18 Ann. Cas. 643, 102 Pac. 579.) It is then for the jury to say whether the facts assumed by the question are really established and whether the opinion of the witness has any probative value.

It is insisted that the question embodied a fact which the evidence does not tend to show, *viz.*, that the earth exposed in the walls of the ditch at the point where the plaintiff was working was different in texture and appearance from that at any other

point along the ditch. The only direct evidence introduced by the plaintiff on this point was that of the plaintiff himself and one Grantz. The evidence is not as satisfactory as it might have been, because it is not entirely clear that the observation of these witnesses was sufficient to enable them to describe it as it was. But in our opinion, in the light of all the circumstances in evidence, it presented a case for the jury. Counsel did not, therefore, transcend the rule by incorporating a favorable inference from it in their hypothetical question.

Counsel undertook to supply, by circumstantial evidence and the opinions of the experts referred to, the causal connection between the defendant's fault and the injury. We think they succeeded in making out a *prima facie* case. The finding of the jury thereon, confirmed by the action of the trial judge on the motion for a new trial, we must accept as conclusive.

The judgment and order are affirmed.

*Affirmed.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.

