IN RE MILLER'S ESTATE. WELCHER ET AL., RESPONDENTS, *v.* HOUSTON, APPELLANT.

(No. 5,476.)

(Submitted September 15, 1924. Decided October 11, 1924.)

[229 Pac. 851.]

*Holographic Wills—Probate—Contest—Complaint—Sufficiency —Attorney and Client — Handwriting—Expert Evidence— —Inadmissibility—District Judges — Disqualification — Imputed Bias and Prejudice — Filing of Affidavit — Time — Hearsay Testimony—Pleading—Complaint—Insufficiency— Answer Curing Defect.*

District Judges—Imputed Bias and Prejudice—Disqualifying Affidavit—
Time for Filing.
1. *Held,* that the provision of section 8868, Revised Codes of 1921,
requiring an affidavit disqualifying a district judge for imputed
bias or prejudice to be filed at any time before the day fixed for
the hearing or trial of an action, motion or proceeding, does not
permit its filing after verdict and before entry of judgment.

(330)

[71 Mont. 330.]

Pleading—Complaint—Insufficiency—Answer   Curing   Defect.
2.  Where  necessary  allegations  are  omitted  from  the  complaint  but
supplied  by  defendant's  answer,  the  defect  is  cured.

Will  Contest—Attorney  and  Client—Right  of  Attorney  to  Appear—
Complaint—Presumptions.
3.  Under  section  10029,  Revised  Codes,  an  heir  at  law  may  contest
a  will  through  an  attorney  appointed  by  him,  and  the  complaint
need  not  allege  that  the  one  representing  him  is  his  attorney,  it
being  presumed  that  an  attorney  at  law  who  represents  a  client  does
so  with  the  latter's  consent  and  by  virtue  of  his  retainer.

Same—Challenge  of  Right  of  Attorney  to  Appear  for  Client—Waiver.
4.  Where  a  defendant  does  not  challenge  in  the  trial  court  the
authority  of  an  attorney  of  his  adversary  to  appear  for  him,  in
accordance  with  the  provisions  of  section  8994,  Revised  Codes,  his
right  to  question  it  later  is  waived.

Statutes—Adoption  from  Another  State—Presumptions.
5.  The  presumption  obtains  that  where  a  statute  is  adopted  from
another  state  after  construction  thereof  by  its  highest  court,  the
construction  placed  upon  it  was  adopted  as  a  part  of  the  law  itself.

Wills—Contest—Handwriting—Comparison  With  Genuine  Writings  Prov-
ince  of  Experts  Only.
6.  *Held*,  that  the  provision  of  section  10592,  Revised  Codes,  that
a  witness  may  give  evidence  respecting  handwriting  by  comparison
with  writings  admitted  or  treated  as  genuine  by  the  party  against
whom  the  evidence  is  offered  has  reference  to  an  expert  witness
only  and  that  therefore  it  was  error  to  permit  nonexperts  to  give
their  opinions  as  to  the  genuineness  of  the  handwriting  of  a  pur-
ported  will,  based  upon  comparison  with  other  writings  admitted
to  have  been  genuine.

Evidence—Expert  Testimony—When  Inadmissible.
7.  When  the  conclusions  to  be  drawn  from  the  facts  stated  in  a
question  propounded  to  a  witness  are  within  the  range  of  ordinary
training,  intelligence  and  common  observation,  expert  testimony
is  not  admissible.

Holographic  Wills—Likelihood  that  Testatrix  Wrote  Will  not  Subject
for  Expert  Testimony.
8.  Under  the  above  rule  (par.  7),  *held*,  that  admission  in  evidence
of  a  statement  by  an  attorney  that  in  his  opinion,  based  upon  his
acquaintance  with  the  maker  of  a  holographic  will,  her  dealings
with  banks,  his  reading  of  law  books  and  his  knowledge  of  the  or-
dinary  form  of  such  a  will,  it  was  improbable  that  deceased  wrote
the  will,  was  error,  the  subject  not  having  been  one  for  expert
testimony.

Same—Letters  of  Testatrix  as  to  Feelings  Toward  Beneficiary  Inad-
missible  as  Hearsay.
9.  Letters  written  by  testatrix  containing  declarations  as  to  her
feelings  toward  the  beneficiary  under  her  holographic  will,  the
probate  of  which  was  contested  on  the  ground  that  the  instrument
was  a  forgery,  and  which  were  not  part  of  the  *res  gestae*,  *held*  in-
admissible  as  hearsay.

*Appeal from District Court, Madison County; Jos. C. Smith,
Judge.*

[71 Mont. 330.]

In the Matter of the estate of Elizabeth Louise Miller, deceased. Deceased's will was offered for probate by Bertha Josephine Houston, and contested by Andreas Welcher and others. Judgment for contestants and contestee appeals. Reversed and remanded for new trial.

*Mr. M. M. Duncan*, for Appellant, submitted a brief and argued the cause orally.

The general rule governing the proving of handwriting is that an ordinary witness cannot make comparison, and this is true both under the statute as to comparison and in the absence of the statute. (*Spottiswood* v. *Weir*, 80 Cal. 448, 22 Pac. 289; *Griffin* v. *State*, 90 Ala. 596, 8 South. 670; *Winebish* v. *State*, 89 Ga. 294, 15 S. E. 325; *Woodman* v. *Dana*, 52 Me. 9; *First Nat. Bank* v. *Lierman*, 5 Neb. 247; *McKay* v. *Lasher*, 42 Hun (N. Y.), 270; 25 Am. & Eng. Ency. of Law, 276; *Mixer* v. *Bennett*, 70 Iowa, 329, 30 N. W. 567; *Mugge* v. *Adams*, 76 Tex. 448, 13 S. W. 330; *Jarvis* v. *Vanderford*, 116 N. C. 147, 21 S. E. 302; *Johnston* v. *Bee*, 84 W. Va. 532, 7 A. L. R. 252, 100 S. E. 486, 11 R. C. L. 621; Wigmore on Evidence, sec. 1997; Greenleaf's Evidence, secs. 576, 578; Lawson's Expert & Opinion Evidence, p. 445; Abbott's Proof of Facts, p. 588 (14); Abbott's Trial Brief, p. 384 (19).) The examination or comparison he is allowed to make is for the mere purpose of refreshing his memory. The lay witness' opinion must in the end be based solely upon the knowledge he has secured from having seen a person write or from having acted on such persons's signature. (22 C. J. 630; *White Sewing Machine Co.* v. *Gordon*, 124 Ind. 495, 19 Am. St. Rep. 109, 24 N. E. 1053.)

The contestee contends that Judge Smith was, after the filing of the affidavit, disqualified from doing any more in connection with the case than to arrange the calendar, regulate the order of business, transfer the action or proceeding to some other court, and to call in another district judge to sit and act in such proceeding. (Sec. 8868, Rev. Codes 1921; *Rowan*

v. *Gazette Printing Co.* (Mont.), 220 Pac. 1104.) After the filing of such affidavit Judge Smith was without jurisdiction to make and enter judgment in this case. And even though the judgment is void for that reason this appeal can be maintained on such void judgment and the appellant is entitled to a reversal of such void judgment by this court. (3 C. J. 467, par. 287.)

It is true that the general rule of law is that the authority of an attorney to represent his client need not appear in the complaint, and neither is it as a rule necessary to prove that authority unless it is made an issue in the case, but in the case of a will contest this rule is not applicable for the very reason that our law providing for such a contest by certain persons is in derogation of the common law and must be strictly followed; and, as the law provides for the appointment by the court of an attorney under certain circumstances such appointment must be made and that fact must appear as an allegation in the petition and must be followed by proof, otherwise the court is without jurisdiction. (6 C. J. 633, par. 129; *Glove Mutual Life Ins. Co.* v. *Sun Mutual Life Ins. Co.*, 22 L. C. Jur. 38, 1 Montr. Leg. N. 139; *Howard* v. *Yule*, 4 Montr. Super. 420.)

Contestee contends that the petition to contest in this case fails to state a cause of action, for the reason that the attorney purporting to represent the certain persons named as interested in the estate of Mrs. Miller has not connected himself with the subject of the action, in that the petition fails to allege jurisdictional facts showing his authority to represent them, and also for the reason that the petition fails to show that the persons purported to be represented by Mr. Farley would be heirs of Mrs. Miller, had she died intestate, or that they would inherit any part of Mrs. Miller's estate under any circumstances. (*McDonald* v. *White*, 130 Ill. 193, 22 N. E. 599; *Selden* v. *Illinois Trust etc. Bank*, 239 Ill. 67, 130 Am. St. Rep. 181, 87 N. E. 860; *Storrs* v. *St. Luke's Hospital*, 180 Ill. 368, 72 Am. St. Rep. 221, 54 N. E. 185; *Staude* v.

*Tscharner,* 187 Ill. 19, 58 N. E. 317; *Bloor* v. *Platt,* 78 Ohio, 46, 14 Ann. Cas. 332, 84 N. E. 604; *Bowers* v. *McGavock,* 114 Tenn. 438, 85 S. W. 893; *In re Ruppaner's Will,* 15 Misc. Rep. 654, 37 N. Y. Supp. 429.)

*Mr. A. E. Farley,* for Respondents, submitted a brief and argued the cause orally.

Any heir at law of a testator is in a position to question the validity of a purported will which revokes all former ones. (*In re Hobbin's Estate,* 41 Mont. 39, 47, 108 Pac. 7.) It is asserted that the petition of contestants is insufficient in not showing a proper interest. It is only necessary to say they show themselves to be heirs at law of decedent. (*In re Benton's Estate,* 131 Cal. 472, 63 Pac. 775.)

The motion requiring the attorney for the adverse party to produce his authority must be made at the earliest practicable time, otherwise the right may be deemed to have been waived. (*Missoula Belt Line Ry. Co.* v. *Smith,* 58 Mont. 432, 442, 193 Pac. 529; see, also, *Brown* v. *Arnold,* 131 Fed. 723, 67 C. C. A. 125; *Smith* v. *Smith,* 145 Cal. 615, 79 Pac. 275; 6 C. J. 631, 635.)

Ordinarily, the fact that a witness to handwriting with which he is acquainted has, before the trial, resorted to other specimens of the same hand for a private examination will not disqualify him. Refreshing his recollection is no objection. (*Redford* v. *Peggy,* 6 Rand. (Va.) 316; *Remington Paper Co.* v. *O'Dougherty,* 81 N. Y. 474; *Thomas* v. *State,* 103 Ind. 419, 2 N. E. 808; Wigmore on Evidence, sec. 2007; 22 C. J. 780; 11 R. C. L. 621, 623; 10 R. C. L. 993.)

In *Re Sanderson,* 74 Cal. 208, 15 Pac. 753, it is said: "In cases of contest of will the issues must be such that the determination of them will leave to the court no office except to enter judgment admitting the will to probate or rejecting it." (*In re Benton's Estate,* 131 Cal. 472, 63 Pac. 775; *Takewawa* v. *Hole,* 170 Cal. 323, 149 Pac. 593.)

Assuming for the purpose of argument that a formal judgment signed by the judge was necessary to give effect to the findings of the jury, it was a matter that was not discretionary and even though such judge was disqualified the signing of such judgment would be harmless. It would not affect the rights of appellant. A judge who is disqualified in a cause by reason of interest may enter a formal judgment directed by the appellate court, as in such case he is not required to exercise any judgment or discretion. (*Cullins* v. *Overton,* 7 Okl. 470, 54 Pac. 702.) The disqualification of the judge invalidates all acts involving an exercise of discretion by him, but mere formal preliminary or ministerial acts which do not require an exercise of discretion are not void by reason of the disqualification. (*Granite Mountain Min. Co.* v. *Durfee,* 11 Mont. 222, 27 Pac. 919; *Littrel* v. *Wilcox,* 11 Mont. 77, 27 Pac. 394.) The act complained of by appellant was mandatory and not discretionary. The most that can be said is that it was a technical and harmless error.

MR. JUSTICE RANKIN delivered the opinion of the court.

Elizabeth Louise Miller was murdered on or about the third day of July, 1921. She left surviving her a mother, three sisters and two brothers. On August 16, 1922, there was filed in the district court an instrument dated January 29, 1921, purporting to be the last will, holographic in form, of Elizabeth Louise Miller. On August 24, 1922, a petition was filed in which the instrument was offered for probate by the contestee, Bertha Josephine Houston, a sister of deceased. Prior to the hearing on the petition the right to receive the purported will was contested by A. E. Farley, Esq., as attorney for two of deceased's sisters and her two brothers (the mother having died in the meantime), upon the ground that the instrument was a forgery. The cause was tried to the court sitting with a jury, and resulted in a verdict in favor of the contestants and a finding that the will was not entirely written, dated, and signed by Elizabeth Louise Miller. Before

judgment was rendered, an affidavit on behalf of contestant was filed, disqualifying Joseph C. Smith, one of the judges of the district court before whom the cause was tried, who, notwithstanding the affidavit, rendered judgment rejecting the purported will and refusing to admit it to probate. Thereafter a motion was made for a new trial, which was denied. It is from the judgment that this appeal is prosecuted.

As ground for reversal, contestee insists that the district [1] judge, having been disqualified after the verdict, was without authority to render judgment. It becomes necessary, then, to determine whether section 8868, Revised Codes of 1921, which provides, "Such affidavit * * * shall be filed with the clerk of the district court * * * at any time before the day appointed or fixed for the hearing or trial of any such action, motion, or proceeding," permits the filing of a disqualifying affidavit after verdict but before judgment.

This court decided in *State ex rel. Carleton* v. *District Court,* 33 Mont. 138, 8 Ann. Cas. 752, 82 Pac. 789, that an affidavit imputing bias and prejudice may be filed after a trial has been had and while a motion for a new trial is pending, at any time before the date set for the hearing of such motion. In so far as that decision permits a change of judge, when application is made under section 8868 prior to the date set for a hearing upon a motion for new trial upon the ground that it is *pro hac vice* a proceeding independent of the trial of the cause on the merits, we have no particular fault to find with it. The rule there announced may not, however, be extended to permit the filing of a disqualifying affidavit after verdict and prior to the entry of judgment. The rendition of judgment is too much a part of the trial of the action on the merits to be characterized as a separate, independent proceeding in the sense that the term is used in the foregoing section. The trial court committed no error in disregarding the affidavit and rendering judgment.

The contestee urges the insufficiency of contestants' complaint upon the grounds, first, that it fails to show the con-

testants have such an interest in the estate of Elizabeth Louise Miller as to entitle them to contest the probate of the will; and, second, that it fails to allege authority on the part of A. E. Farley, an attorney at law, to represent contestants.

Without determining whether the complaint, standing alone, sufficiently alleges that the contestants are persons who, but for the will, would succeed in some degree to decedent's estate, it is clear that the admission in the answer of the contestee "that these contestants are brothers and sisters of said decedent, and owing to the death of the mother are entitled to share equally in the distribution of the estate of the deceased, if the deceased died intestate," remedies any possible infirmity of the character suggested. It is the rule at common law, and it has long been settled in this jurisdiction, that where neces-[2] sary allegations are omitted from the complaint, but supplied by defendant's answer, the defect is cured. (1 Chitty on Pleading, 703; *Hershfield & Bro.* v. *Aiken,* 3 Mont. 442; *Murphy* v. *Phelps,* 12 Mont. 531, 31 Pac. 64; *Hamilton* v. *Great Falls St. Ry. Co.,* 17 Mont. 334, 42 Pac. 860, 43 Pac. 713; *Lynch* v. *Bechtel,* 19 Mont. 548, 48 Pac. 1112; *Crowder* v. *McDonnell,* 21 Mont. 367, 54 Pac. 43; *Hefferlin* v. *Karlman,* 29 Mont. 139, 74 Pac. 201; *Grogan* v. *Valley Trading Co.,* 30 Mont. 229, 76 Pac. 211; *Christiansen* v. *Aldrich,* 30 Mont. 446, 76 Pac. 1007; *Mantle* v. *White,* 47 Mont. 234, 132 Pac. 22; *Stephens* v. *Conley,* 48 Mont. 352, Ann. Cas. 1915D, 958, 138 Pac. 189; *Buhler* v. *Loftus,* 53 Mont. 546, 165 Pac. 601; *Kummrow* v. *Bank of Fergus County,* 57 Mont. 390, 188 Pac. 649; *Hurley* v. *Great Falls Baseball Assn.,* 59 Mont. 21, 195 Pac. 559; *Sevanin* v. *Chicago, M. & St. P. Ry. Co.,* 62 Mont. 546, 205 Pac. 825; *Anderson* v. *Wirkman,* 67 Mont. 176, 215 Pac. 224; 1 Sutherland on Code Pleading, Practice and Forms, sec. 361; Bliss on Code Pleading, 3d ed., sec. 437; Pomeroy on Code Remedies, 579; 31 Cyc. 714.)

The contention that the complaint must allege that Mr. Farley [3] was the attorney for the contestants is without merit. Heirs at law may contest a will through attorneys appointed by them.

(Sec. 10029, Rev. Codes 1921.) And it is presumed without allegation or proof that an attorney at law who represents a client does so with his consent and by virtue of his retainer. (*Pullen* v. *City of Butte*, 45 Mont. 46, 121 Pac. 878; *Davenport* v. *Davenport*, 69 Mont. 405, 222 Pac. 422; *Strand Improvement Co.* v. *City of Long Beach*, 173 Cal. 765, 161 Pac. 975; *Drew* v. *Burley* (D. C.), 287 Fed. 916; *Gila Valley El., Gas & Water Co.* v. *Arizona Trust & Sav. Bank*, 25 Ariz. 177, 215 Pac. 159; *Jordan* v. *Evans*, 99 Neb. 666, 157 N. W. 620; *Miller* v. *Continental Assur. Co.*, 233 Mo. 91, Ann. Cas. 1912C, 102, 134 S. W. 1003; *Keithley* v. *County of Clark*, 206 Ill. App. 500.) "The universal rule is that, where an attorney appears and undertakes to act for another in a capacity and for a purpose within the scope of the ordinary powers of a duly licensed practitioner, his authority so to act will be presumed." (1 Thornton on Attorneys, sec. 230.)

If the contestee desired to question the right of Mr. Farley [4] to represent contestants, she should have applied to the trial court at the earliest opportunity for an order requiring him to produce and prove the authority under which he appeared, in accordance with the provisions of section 8994 of the Revised Codes of 1921. His authority to represent the contestants not having been challenged in the district court, the right to attack it later was waived. (*Missoula Belt Line Ry. Co.* v. *Smith*, 58 Mont. 432, 442, 193 Pac. 529; 6 C. J. 631; *Smith* v. *Smith*, 145 Cal. 615, 79 Pac. 275; *Brown* v. *Arnold*, 131 Fed. 723, 67 C. C. A. 125.)

Error is predicated upon the ruling of the trial court in [5, 6] permitting M. F. McDonald, a witness for contestants, to testify, over objection, with reference to the signature of the purported will, as follows: "Q. Did you compare that with any other papers you knew to be genuine? A. Yes. Q. I will ask you to state your opinion based upon your comparison as to whether or not, in your opinion, that is the handwriting of Mrs. Louise Miller? A. It is not." Contestee also assigns as error the court's ruling in permitting other witnesses, over

objection, to give their opinion as to the genuineness of the handwriting of the purported will, based upon a comparison with other writings in evidence admitted to be genuine. These assignments of error involve the same legal principles and will be treated together.

Section 10592, Revised Codes of 1921, provides as follows: "Evidence respecting the handwriting may also be given by comparison, made by the witness or jury, with writings admitted or treated as genuine by the party against whom the evidence is offered, or proved to be genuine to the satisfaction of the judge." This section was adopted from the California statutes after the supreme court of that state had construed the term "witness" to mean expert witness. (*Goldstein* v. *Black,* 50 Cal. 462; *Spottiswood* v. *Weir,* 80 Cal. 448, 22 Pac. 289.) It is to be presumed, under the rule consistently adhered to by this court, that we adopted the construction thus placed upon it as a part of the law itself. (*Territory* v. *Stears,* 2 Mont. 324; *Lindley* v. *Davis,* 6 Mont. 453, 13 Pac. 118; *First National Bank of Butte* v. *Bell etc. Min. Co.,* 8 Mont. 32, 19 Pac. 403; *Price* v. *Lush,* 10 Mont. 61, 9 L. R. A. 467, 24 Pac. 749; *Stackpole* v. *Hallahan,* 16 Mont. 40, 28 L. R. A. 502, 40 Pac. 80; *Murray* v. *Heinze,* 17 Mont. 353, 42 Pac. 1057, 43 Pac. 714; *Largey* v. *Chapman,* 18 Mont. 563, 46 Pac. 808; *Stadler* v. *First National Bank,* 22 Mont. 190, 74 Am. St. Rep. 582, 56 Pac. 111; *Butte & Boston Con. Min. Co.* v. *Montana Ore Pur. Co.,* 25 Mont. 41, 63 Pac. 825; *Winslow* v. *Dundom,* 46 Mont. 71, 125 Pac. 136; *Miller* v. *Miller,* 47 Mont. 150, 131 Pac. 23; *Moreland* v. *Monarch Min. Co.,* 55 Mont. 419, 178 Pac. 175; *State ex rel. Rankin* v. *State Board of Examiners,* 59 Mont. 557, 197 Pac. 988; *Mares* v. *Mares,* 60 Mont. 36, 199 Pac. 267; *State ex rel. Murray* v. *Walker,* 64 Mont. 226, 210 Pac. 90; *Winnett Pacific Oil Co.* v. *Wilson,* 71 Mont. 250, 229 Pac. 850.) A nonexpert witness may give an opinion as to the handwriting of a person whom he has seen write, or when he has seen writings purporting to be his, upon which he has acted or been charged, and who has thus acquired a knowl-

edge of his handwriting (sec. 10591, Rev. Codes 1921), or he may refresh his memory by examining other writings known or admitted to be genuine (22 C. J. 630), but he cannot give his opinion based upon a comparison of writings in regard to which the jury are equally capable of forming an opinion from the writings in evidence (*Spottiswood* v. *Weir, supra; Johnston* v. *Bee,* 84 W. Va. 532, 7 A. L. R. 252, 100 S. E. 486; *Griffin* v. *State,* 90 Ala. 596, 8 South. 670; *Griffin* v. *Working Women's Home Assn.,* 151 Ala. 597, 44 South. 605; *Mixer* v. *Bennett,* 70 Iowa, 329, 30 N. W. 587). It was reversible error for the trial court to admit the evidence.

It is insisted that the trial court erred in permitting the [7, 8] witness George Allen to answer the following question over the objection of the contestee: "Q. I will ask you, from your acquaintance with Mrs. Louise Miller, your knowledge of her association and dealings with different banks in the state of Montana, her dealings with yourself as an attorney, and your knowledge as to the ordinary form of a holographic will, from your reading of the different law books, whether or not it is probable or improbable for a woman in the condition that Mrs. Louise Miller was in, to execute such an instrument?" The witness answered that in his opinion it was improbable that deceased "prepared and wrote" the purported will. Contention is made that the subject is not one calling for expert testimony, and with this we agree. "The theory upon which expert testimony is held competent is that there are persons whose knowledge of a science, art or trade being superior to that of the mass of mankind, qualifies them to express an opinion upon any matter pertaining thereto." (*De Sandro* v. *Missoula Light etc. Co.,* 52 Mont. 333, 157 Pac. 641.) When, however, it can be said as a matter of law that the jurors are equally capable of forming an opinion or can draw, or can readily be directed how to draw, a reasonable inference, then the matter is not the subject of expert testimony. (*Coleman* v. *Perry,* 28 Mont. 1, 72 Pac. 42; *Copenhaver* v. *Northern Pac. Ry. Co.,* 42 Mont. 453, 113 Pac. 467; *Westlake* v.

*Keating Gold Min. Co.,* 48 Mont. 120, 136 Pac. 38.)   In other
words, when the conclusions to be drawn from the facts
stated are within the range of ordinary training, intelligence
and common observation, expert testimony is not admissible.
(*Kelley* v. *John R. Daily Co.,* 56 Mont. 63, 181 Pac. 326; *State*
v. *Keeland,* 39 Mont. 506, 104 Pac. 513; 22 C. J. 642.)   " 'The
necessity for opinion evidence only exists where the facts in
controversy are incapable of being detailed and described so as
to give the jury an intelligible understanding concerning
them; but when the facts are such as can be detailed or de-
scribed, and the jury are able to understand and draw a cor-
rect conclusion from them without such opinion evidence, the
necessity for it does not exist.' "   (*Cummings* v. *Reins Copper
Co.,* 40 Mont. 599, 621, 107 Pac. 904.)   Manifestly this testi-
mony elicited from George Allen should have been excluded
under the rules governing the admission of opinion evidence,
and it was prejudicial error to receive it.

Inasmuch as a new trial must be granted, it is proper to
[9] consider contestants' contention that the court erred in
excluding their exhibits 5, 6 and 7, each of which is a letter
written by deceased, containing declarations as to her feelings
and attitude toward the contestee.   Exhibit 5 is dated Feb-
ruary 2, 1921, which is four days after the date of the pur-
ported will.   Exhibits 6 and 7 are undated but disclose upon
examination that they are in no sense a part of the *res gestae.*
In our opinion these exhibits were properly excluded.   The
declarations of the deceased in all of the exhibits do not come
within any exception to the law excluding hearsay evi-
dence upon the trial of an action.   They are not declarations
against interest.   The will could not take effect until after her
death, and therefore the declarations had no effect upon her
interest.   (*In re Colbert's Estate,* 31 Mont. 461, 107 Am. St.
Rep. 439, 3 Ann. Cas. 952, 78 Pac. 971, 80 Pac. 248.)   We
think the correct rule of law applicable to the admission of
declarations of this character is stated concisely by the su-
preme court of the United States in the case of *Throckmorton*

v. *Holt,* 180 U. S. 552, 45 L. Ed. 663, 21 Sup. Ct. Rep. 474, speaking through Mr. Justice Peckham: "When they are not a part of the *res gestae,* declarations of this nature are excluded because they are unsworn, being hearsay only, and where they are claimed to be admissible on the ground that they are said to indicate the condition of mind of the deceased with regard to his affections, they are still unsworn declarations, and they cannot be admitted if other unsworn declarations are excluded. In other words, there is no ground for an exception in favor of the admissibility of declarations of a deceased person as to the state of his affections, when the mental or testamentary capacity of the deceased is not in issue." (*In re Colbert's Estate, supra.*)

The judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Associate Justices Holloway, Galen and Stark concur.

Mr. Chief Justice Callaway, being disqualified, did not hear the argument and takes no part in the foregoing decision.