FOSTER, PLAINTIFF; STACK (INTERVENER), RESPONDENT, *v.* COYLE, APPELLANT.

(No. 4,315.)

(Submitted March 11, 1921. Decided April 11, 1921.)

[197 Pac. 747.]

*Ejectment—Mortgages—Possession by Mortgagee—Intervention —Default Judgments—Vacation—Findings—Motion to Set Aside—Appealable Orders.*

Default Judgment—Refusal to Vacate—Appealable Order—Record on Appeal.
 1. An order overruling defendant's motion to set aside his default is an intermediate order, and as such reviewable on appeal from the judgment, provided copies of the papers used on the motion are embodied in a bill of exceptions properly authenticated; if not so presented in the record on appeal, they cannot be looked to to determine whether the court abused its discretion in denying the motion.

Refusal to Set Aside Findings and Judgment—Appealable Order—Failure to Appeal—Effect.
 2. Since denial of an order to set aside the findings and judgment in an action in ejectment was a special order made after final judgment, it was appealable, and failure to appeal therefrom bars review on appeal from the judgment.

Pleading and Practice—Intervention—Who may Intervene.

　　3. Under section 6496, Revised Codes, intervention is permissible in any case, provided only the person seeking to intervene can show either an interest in the subject matter of the action, or an interest in the success of either of the parties, or an interest in the subject matter as against both.

Ejectment—Right of Plaintiff's Mortgagee to Intervene.

　　4. *Quaere:* In an action in ejectment, may plaintiff's mortgagee intervene, in view of sections 5737 and 6877, Revised Codes, providing that a mortgagee is not entitled to the possession of the property mortgaged unless possession is specially authorized by its terms, and that a mortgage of real property shall not be deemed a conveyance?

Same—Mortgagee in Possession by Consent may Intervene.

　　5. Where the mortgagee is in possession of real property by consent of the mortgagor, he can maintain such possession against the mortgagor or any other person who cannot show title paramount to that of the mortgagor, and may by ejectment recover possession as against an intruder, his possession being a sufficient *prima facie* showing to support a recovery, the burden being then cast upon defendant to show a superior title or right.

Same—Appeal and Error—Irregular Judgment—Affirmance.

　　6. Where, in an action in ejectment in which the mortgagee had intervened, plaintiff was satisfied with a determination of his rights by a settlement of the controversy as between intervener and defendant and with a judgment which while awarding possession to the intervener, expressly declared his rights subject to those of plaintiff, reversal of the judgment, though perhaps irregular, *held* not necessary on appeal by defendant.

*Appeal from District Court, Fergus County; Roy E. Ayers, Judge.*

ACTION in ejectment by Albert Foster against Walter P. Coyle. Bernard E. Stack, mortgagee, intervened. Judgment for intervener. Defendant appeals. Affirmed.

*Mr. John A. Coleman,* for Appellant, submitted a brief and argued the cause orally.

*Messrs. Belden & De Kalb* and *Mr. C. W. Buntin,* for Respondent, submitted a brief; *Mr. H. Leonard De Kalb* argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Action in ejectment brought by plaintiff Albert Foster some time prior to July 10, 1915, to recover of the defendant the

---

3. Who may become interveners, see notes in 15 Am. Dec. 162; 123 Am. St. Rep. 297.

possession of 160 acres of land situated in Fergus county, together with the value of its use and occupation while withheld by the defendant. On the date above mentioned the plaintiff filed an amended complaint, which is in the usual form, alleging title and right to the possession of the land in plaintiff and his ouster therefrom by the defendant on or about July 1, 1913. To this complaint defendant filed an amended answer. On December 4 Bernard E. Stack was permitted by the court to intervene by filing a complaint which, while setting forth in detail the source of the title upon which he relies, is essentially a complaint in ejectment as against the defendant. It disavows claim by Stack of any title to or interest in the land hostile to plaintiff's rights, and alleges that while he and the plaintiff were seised and possessed of the land, the defendant, on or about July 1, 1913, without right or title thereto, entered upon it in disregard of their rights and ever since that date has withheld and still withholds it from them. Judgment is demanded that plaintiff and Stack, the intervener, have restitution of the land, that defendant be adjudged to be without any right to it, and that Stack be awarded his costs. The basis of his claim of title is a contract between him and plaintiff, dated June 26, 1913, a copy of which is attached to the complaint. From this it appears that theretofore Stack had purchased 120 acres of the land from the United States, by placing upon it scrip owned by him, for the benefit of the plaintiff, he agreeing to hold the title when patent should be issued to him, in trust for the plaintiff; that he had furnished to plaintiff funds to purchase scrip to place upon the remaining forty acres, which plaintiff then conveyed to him to be held in trust for the plaintiff, as he held the 120 acres; that all the land was to be so held in trust as security for the payment by plaintiff to Stack of the sum of $2,569, the price of the scrip so used, to be paid within two years from the date of the contract, together with interest at the rate of ten per cent per annum, the plaintiff meantime to discharge all taxes assessed upon the land; and that upon payment of this sum

with interest, Stack was to convey the land to plaintiff by quitclaim deed. Then follow these stipulations: "That in the event of patent failing to issue for any of the said lands, the party of the first part [Stack] shall in nowise be responsible to the party of the second part and shall be released at both law and equity from all obligations to convey same, and it being understood that the party of the first part holds the said lands as trustee for the party of the second part, to be conveyed upon payment of the above-mentioned sum, together with interest thereon. And it is further agreed by and between the parties hereto that in the event of the patent failing to issue for any of the said lands, the party of the first part shall retain all interest paid for the use of said money and the party of the second part agrees and binds himself to assign to the party of the first part the scrip which was laid on the forty acres of land in the name of the party of the second part. It is further mutually understood and agreed that in the event that the party of the second part fails to make the payment of the principal and the interest upon the principal as herein provided, that party of the first part may, at his election, treat this instrument as a mortgage and foreclose the party of the second part of any and all rights hereunder. And it is agreed for this purpose that this agreement shall carry with it all the incidents of a mortgage. It is further covenanted and agreed by and between the parties hereto that the covenants and agreements herein contained shall apply to the heirs, executors, administrators and assigns of the respective parties hereto."

To defendant's amended answer the plaintiff interposed a demurrer, accompanied by motion to strike. The record does not contain a copy of the answer nor of the demurrer or motion. What the contents of the answer were or the grounds of the demurrer and motion, or whether they were directed at the answer as a whole or not, is not disclosed. To the complaint in intervention the defendant interposed a general demurrer. On January 10, 1916, plaintiff's demurrer to defendant's answer and the motion to strike were sustained, and defend-

ant's demurrer to the complaint was overruled, defendant being given twenty-four hours in which to plead further. On January 18, on application of counsel for the intervener, the default of the defendant for failure to answer the complaint in intervention was entered. On February 6 defendant moved the court to set aside the default. This motion was denied on February 15. On February 26 counsel for the intervener submitted evidence in support of the complaint in intervention and applied for judgment. The court took the application under advisement. It so held it until March 9, 1917, when it ordered the action dismissed on the ground that the issues involved were being determined in an action pending in the federal court for the district of Montana. On March 19, on application by counsel, the court vacated this order and reinstated the case. On October 17 the court made its findings of fact and conclusions of law and rendered judgment in favor of the intervener, declaring him to be the holder of the legal title to the land, subject to the rights of the plaintiff as disclosed in the contract of June 26, 1913, and entitled to its possession, subject to plaintiff's rights. It furthermore adjudged the defendant to be a trespasser on the land, without any right or interest therein. On January 8, 1918, counsel for defendant moved the court to set aside the findings and judgment on the ground that they had been prematurely made because notice of the hearing of the demurrer had not been given; and that the pleadings and proof upon which they were founded were wholly insufficient to support them. At the same time he moved the court for leave to file an amended answer to the plaintiff's amended complaint with a cross-complaint, on the ground that he had failed to interpose his defense through his mistake, inadvertence, surprise and excusable neglect. On January 29 both motions were denied. So far as the record discloses, nothing further was thereafter done in the action as between the plaintiff and defendant. The appeal is from the judgment.

Counsel predicates error upon the orders of the court in
[1]  overruling the motion to set aside the default made on
February 15, 1916, and in overruling the motion to set aside
the findings and judgment and to permit him to file an answer
and cross-complaint, made on January 29, 1916. None of these
assignments may be considered upon the record before us. The
ruling made denying the first motion was an intermediate order,
and as such would have been subject to review on appeal from
the judgment, had counsel presented to this court, properly
authenticated, a transcript of the papers used in support of
it. Copies of the affidavits and other papers purporting to
have been used are found in the record, but they are not em-
bodied in a bill of exceptions and identified or authenticated in
any way. Therefore, though a copy of the order is properly
a part of the judgment-roll, there is nothing before us dis-
closing the basis of the court's action, and we cannot deter-
mine whether the court abused its discretion in denying the
motion. (*Latimer* v. *Nelson,* 47 Mont. 545, 133 Pac. 680; *De
Sandro* v. *Missoula L. & Ry. Co.,* 52 Mont. 333, 157 Pac. 641;
*Borden* v. *Lynch,* 34 Mont. 503, 87 Pac. 609; *Emerson* v. *Mc-
Nair,* 28 Mont. 578, 73 Pac. 121.)

Neither may the action of the court on the motion to set aside
[2]  the findings and judgment be reviewed on this appeal,
for the reason that the order denying it was a special order
made after final judgment and was appealable. (Rev. Codes,
sec. 7098.) The defendant having failed to appeal from this
order, it is not before us for review.

The only other contention made by counsel deserving special
[3, 4]  notice is that the complaint in intervention does not state
facts sufficient to constitute a cause of action. In this behalf
counsel contends that, since the contract attached to the com-
plaint discloses that the plaintiff is the owner of the land in
controversy and the plaintiff in intervention is his mortgagee,
the latter has no right to the possession of the land and, there-
fore, was not entitled to intervene, nor to be awarded any re-
lief in this action. In support of his contention, counsel cites

sections 5737 and 6877 of the Revised Codes, the former of which declares that "a mortgage does not entitle the mortgagee to the possession of the property unless authorized by the express terms of the mortgage, but after the execution of the mortgage, the mortgagor may agree to such change of possession without a new consideration." The latter provides that "a mortgage of real property shall not be deemed a conveyance, whatever its terms, so as to enable the owner of the mortgage to recover possession of the real property without foreclosure and sale." It will be noted that counsel's argument does not present the question whether a party who claims an interest in real estate may be permitted to intervene in an action in ejectment. Indeed, it assumes that the intervention in this case would have been permissible under the statute (Rev. Codes, sec. 6496) if the complaint in intervention had not disclosed that the intervener is plaintiff's mortgagee. The statute is broad enough in terms to permit intervention in any case, provided only the person seeking to intervene can show either an interest in the subject matter of the action, or an interest in the success of either of the parties, or an interest in the subject matter against both. Upon the assumption made by counsel, the question whether intervention may be permitted in this character of case, therefore, does not arise and it is not presented for consideration. We shall reserve the decision of this question and confine our present inquiry to a solution of the question submitted by counsel, *viz.:* Does the intervener's complaint, read in connection with the contract, state a case entitling him to any relief?

It is clear that the parties in entering into the contract had [5] two purposes. The primary one was to secure to Foster the title to the land. The secondary one was to secure Stack for the price of the scrip used to lay upon the 120 acres and for the money advanced to Foster to buy scrip to lay upon the remaining forty acres, the patent to the whole 160 acres to issue to Stack in the first instance. If, for any reason, patent could not be obtained, Stack was to retain the scrip laid upon

the former and to have assigned to him that laid upon the latter. In the meantime Foster was bound to pay the interest upon the amount fixed as the price and, when it should be ascertained that patent could not be obtained, both parties were to be released from the obligations mutually assumed by them. If patent should be obtained, Stack was bound to convey the whole tract of land to Foster upon payment by him of the price of the scrip with interest. Until such payment, Stack was to hold the title in trust. After the issuance of the patent, the contract was, at the option of Stack, to be treated by him as a mortgage with all the incidents of a mortgage contract. It is thus apparent that the contract could never create the relation of mortgagor and mortgagee between the parties until title should vest in Stack. As the evidence is not before us, we cannot determine what the actual relation of the parties was at the time of the trial. Under the view we take of the case, however, it is not important what their relation was. Notwithstanding the provisions of statute upon which counsel relies, by agreement of the mortgagor and mortgagee the latter may enter into possession of the mortgaged property. Section 5737 expressly recognizes that such an agreement may be made independently of the mortgage. When the mortgagee is in possession by the consent of the mortgagor, he is lawfully in possession and can maintain such possession against the mortgagor or any other person who cannot show title paramount to that of the mortgagor. (*Fee* v. *Swingly,* 6 Mont. 596, 13 Pac. 375; Jones on Mortgages, secs. 702, 703; 19 R. C. L. 326.) He may, by ejectment, recover possession as against a mere intruder who ousts him therefrom, possession being a sufficient *prima facie* showing to support a recovery. When this is disclosed by the evidence, the burden is cast upon the defendant to show a superior title or right. (*Moss* v. *Chappell,* 126 Ga. 196, 11 L. R. A. (n. s.) 398, 54 S. E. 968; *Dodge* v. *Irvington Land Co.,* 158 Ala. 91, 22 L. R. A. (n. s.) 1100, 48 South. 383; *Sherin* v. *Brackett,* 36 Minn. 152, 30 N. W. 551; 19 C. J. 1154.) "This principle in nowise contravenes the doctrine that the plaintiff

in ejectment must recover, if at all, upon the strength of his own title and not upon the mere weakness of that of his adversary. It simply accords to his possession as evidence a presumption of title which must be rebutted or overcome by his adversary.'' (*Dodge* v. *Irvington Land Co., supra.*) This holding is in accord with the presumption declared by the statute. (Rev. Codes, sec. 7962.) Therefore, upon the assumption that the relation between the plaintiff and Stack was that of mortgagor and mortgagee, counsel's contention is without merit.

The complaint in intervention alleges possession by the plaintiff and Stack, the latter disavowing any hostility to the rights [6] of the plaintiff. After the complaint in intervention was filed, the plaintiff seems to have been satisfied to permit his rights to be determined by a settlement of the controversy as between Stack and the defendant. No further steps were taken in his behalf by his counsel after the order of January 10, 1916, though, so far as we can judge from the record before us, the defendant was in default. In any event, his counsel joined with counsel for Stack in his application for judgment and apparently was content to rest his rights upon the judgment which, while awarding possession to Stack, expressly declared his rights subject to those of the plaintiff. Although the procedure may be characterized as irregular, we do not think it so much so as to require us to reverse the judgment and to remand the cause for further proceedings.

The judgment is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES REYNOLDS, COOPER, HOLLOWAY and GALEN concur.