[No. 3225.   July 25, 1928.]

PEREA et al. v. ILFELD.

[270 Pac. 884.]

Geo. W. Prichard, of Santa Fe, for appellants.

Louis Ilfeld, of Las Vegas, and E. R. Wright, of Santa Fe, for appellee.

## OPINION OF THE COURT

PARKER, C. J. This was a suit to foreclose a mortgage on real estate. The consideration upon which the mortgage was based arose out of the failure on the part of Gil Perea, hereinafter styled defendant, to perform the terms of a sheep contract (partido contract) with Charles Ilfeld, hereinafter styled plaintiff. There was a decree of foreclosure, from which defendant has appealed.

The principal defense interposed by the defendant is that the consideration for the mortgage failed largely by reason that defendant became excused from the performance of the sheep contract because of the loss of the sheep in an unusual and terrific snow-storm, which he was unable to anticipate or provide against. The contract under which he held possession of the sheep contained the following provision:

"That the earmarks of the sheep delivered under this contract are (specifying them), and that said earmarks upon the sheep so delivered are the earmarks of the said party of the first part (plaintiff), and are to be and remain the earmarks of the said party of the first part until the full completion of this contract, and that all the increase of the said sheep during the period of this contract shall bear the said earmarks and that all of said sheep and their increase shall, during the said period and until the full completion of this contract remain and become the property of the said party of the first part, and the title of the same shall remain and vest in the said party of the first part until the expiration and full performance of this contract.

"That at the expiration and full performance of this contract the party of the second part (defendant) will repay and redeliver over to the said party of the first part or to his agent at such place in the said county of Torrance or Guadalupe as the said party of the first part may designate 1,575 (ewes), from 2 to 4 years of age, all in good order and condition and improved in quality, such delivery to be made positively and unconditionally during the months of September or October in the year when this contract of partido shall expire, said sheep to be of the ages as

delivered to and received by said party of the second part and improved and in good order and condition."

It thus appears that the contract was not to redeliver the identical sheep received under the contract, but it was to pay back and deliver to the plaintiff the same number of sheep received by the defendant, and of the same sex, age and quality as those received by him. The question is: Does the snow-storm, "the act of God," under such circumstances excuse the defendant and discharge the contract?

█ The general and fundamental principle of the law of contracts is that a party is bound by his undertaking according to its terms. If he is to be exempted by circumstances occurring after the contract is executed, provision must be made therefor in the contract itself. 13 C. J., Contracts, §§ 706, 715; 3 Page on Contracts, § 2675; 6. R. C. L., Contracts, §§ 364, 365; 3 Williston on Contracts, § 1931 et seq.

Certain so-called exceptions to this rule have been developed and ingrafted upon the rule itself, growing out of the impossibility of performance. These exceptions are classified by Mr. Page as follows:

"(1)  Where the impossibility is created by law.

"(2)  Where the continued existence of something essential to the performance is an implied condition of the contract.

"(3)  Where contracts are made for personal service which cannot be performed by the assignee or a personal representative, and the person who has agreed to perform has died, or is prevented from performing by sickness, imprisonment and the like."

See 3 Page on Contracts, § 2676.

Mr. Williston states the exceptions as follows:

"(1)  Impossibility due to domestic law;

"(2)  Impossibility due to the death or illness of one who by the terms of the contract was to do an act requiring his personal performance;

"(3)  Impossibility due to fortuitous destruction or change in character of something to which the contract related, or which by the terms of the contract was a necessary means to performance.

"The fourth class of cases, to which allusion was made above as standing on more debatable ground, comprises cases where impossibility is due to the failure of some means of performance, contemplated but not contracted for. The fifth class does not strictly fall within the boundaries of impossibility. Performance remains entirely possible, but the whole value of the performance to one of the parties at least, and the basic reason recognized as such by both parties, for entering into the contract has been destroyed by supervening accident. There has been but little clear recognition of this class, but its adoption seems involved in some decisions, and their justice is plain."

3 Williston on Contracts, § 1935.

See, in this connection, Columbus Railway Power & Light Co. v. City of Columbus, 249 U. S. 399, 39 S. Ct. 349, 63 L. Ed. 669, 6 A. L. R. 1648; Middlesex Water Co. v. Knappmann Whiting Co., 64 N. J., Law, 240, 45 A. 692, 49 L. R. A. 572, 81 Am. St. Rep. 467; School District No. 1 v. Dauchy, 25 Conn. 530, 68 Am. Dec. 371; Berg v. Erickson (C. C. A.) 234 F. 817, L. R. A. 1917A, 648, opinion by Sanborn, Circuit Judge.

It seems clear both upon principle and authority that where there is an absolute undertaking the promisor must perform or pay damages, except where the law intervenes, or except where the promisor dies or becomes disabled by sickness or otherwise and his personal services are required, or except where the subject-matter, or the means of performance contracted for or, perhaps, contemplated, have been destroyed by some fortuitous circumstance beyond the control of the promisor without his fault. The foregoing may be an inadequate statement, but it is deemed sufficient for the purpose of this case.

Making application of the foregoing to the case at bar, it is clear that the defense of appellant cannot be sustained. The undertaking of the appellant is absolute. The subject-matter of the contract is not the delivery of specific sheep which were lost in the snow-storm, but it is the delivery of sheep of specific ages, sex, and quality. It does not appear that the sheep received by appellant, and the increase thereof, were the means contracted for, or even contemplated, whereby the contract was to be performed; the record showing that he had sheep of his own of the same quality and with the same earmarks

which he commingled with those received from the appellee. Under such circumstances, impossibility of performance does not excuse appellant and discharge the contract.

Two cases were pending in the district court, one for the foreclosing of the mortgage against Perea, and one brought by Perea against Ilfeld for the alleged conversion of the sheep belonging to Perea and which he had commingled with the Ilfeld sheep. These cases were consolidated for trial, tried together, but separate judgments were rendered. An appeal from each judgment was prayed and granted to appellant, and they have been submitted to this court together upon one transcript. Appellant depended in the last-mentioned case, necessarily, upon the same proposition interposed as a defense in the former case, which, as we have seen, cannot be maintained. If the loss of the Ilfeld sheep by the snowstorm does not excuse appellant from the performance of his contract, as we have held, and if the total remnant of the sheep remaining after the storm, both of Ilfeld and Perea, were turned over to Ilfeld in liquidation, pro tanto, of his claim, the sheep having been commingled by Perea and not susceptible of identification, Perea had no cause of action against Ilfeld, and the district court was correct in so holding.

It follows that the two judgments are correct and should be affirmed, and the causes remanded to the district court, and it is so ordered.

BICKLEY and WATSON, JJ., concur.