BURGESS ET AL., APPELLANTS, v. HOOKS, RESPONDENT.

(No. 7,534.)

(Submitted September 28, 1936.   Decided November 6, 1936.)

[62 Pac. (2d) 228.]

*Mr. Fred W. Schmitz, Messrs. Toomey & McFarland and Mr. John W. Chapman,* for Appellants, submitted a brief; *Mr. Chapman* argued the cause orally.

248

*Mr. C. A. Spaulding,* for Respondent, submitted a brief and argued the cause orally.

HONORABLE CHARLES B. ELWELL, District Judge, sitting in place of MR. JUSTICE MATTHEWS, disqualified, delivered the opinion of the court.

This appeal is from a judgment of the district court of Lewis and Clark county which judgment dismissed appellants' complaint in intervention as against the respondent Frank T. Hooks after the court had made an order sustaining a general demurrer of the defendant Hooks to the complaint in intervention and the appellants had refused to amend.

The case in which the complaint in intervention was filed is the same case as described in *State ex rel. State Bank of Townsend* v. *District Court*, 94 Mont. 551, 25 Pac. (2d) 396, which in turn grew out of the facts involved in the case of *Burgess* v. *Lasby*, 94 Mont. 534, 24 Pac. (2d) 147.

Subsequent to the decision in the case of *State ex rel. State Bank of Townsend* v. *District Court*, supra, the district court of Lewis and Clark county made an order permitting Charles N. Burgess and Chris Bliler to file a complaint in intervention against the State Bank of Townsend, Frank T. Hooks, W. D. Lasby, David R. Smith, as trustee in bankruptcy of the estate of W. D. Lasby, bankrupt, and Union Bank & Trust Company of Helena. A separate demurrer of defendant Hooks to the complaint in intervention was sustained. The only question involved is the correctness of this ruling.

The transcript in this case contains the pleading in the original action of the *Union Bank & Trust Company of Helena, Montana,* v. *State Bank of Townsend, Frank T. Hooks* and *W. D. Lasby,* as well as the pleadings on the petition to interplead filed by the defendant State Bank of Townsend. These are valuable as presenting a picture or history of the case, but, of course, it is elementary that the complaint in intervention involved in this case must stand or fall upon

the allegations found within it. And the order granting leave to intervene is, of course, without prejudice to any objection that may be made to the sufficiency of the pleading filed under the order. (*Bowen* v. *Needles National Bank,* (C. C.) 76 Fed. 176.) But it is also true that, after intervention, the intervener's rights are as broad as those of the other parties to the action. (*State Bank of New Salem* v. *Schultze,* 63 Mont. 410, 209 Pac. 599.) Both parties in their briefs have devoted considerable space to allegations contained in other pleadings, and affidavits filed in connection with other pleadings and petitions filed by other parties in the case.

The complaint in intervention, after reciting that leave of court had been obtained to file the same, alleges:

First: That on or about February 14, 1924, there was pending in Broadwater county a foreclosure action of *Charles W. Burgess* v. *W. D. Lasby* and *Marie Lasby;* that the court made an order appointing Chris Bliler as receiver of the mortgaged real estate, to collect the rents, issues, and profits and deposit them in court from time to time; that Bliler qualified by filing the required bond and oath of office, and began to discharge his duties as receiver. That on November 24, 1933, Honorable A. J. Horsky, District Judge, in the foreclosure action pending in Broadwater county, made an order authorizing the receiver, Chris Bliler, to file a petition in intervention in this action, jointly with the petitioner Charles N. Burgess.

Second: That Charles N. Burgess was and is the plaintiff in the foreclosure action in Broadwater county.

Third: That prior to August 24, 1932, Bliler, as receiver, had collected rents, issues and profits from the real estate involved in the foreclosure action in Broadwater county, and from February, 1924, to July 30, 1932, deposited funds arising from the receivership in an account designated "Chris Bliler, Receiver," in the State Bank of Townsend, and afterwards by order of Honorable O. F. Goddard, District Judge, deposited all such funds with Fred Bubser, clerk of the district court of Broadwater county, at Townsend, Montana; that Bubser deposited these funds, segregated and identified as *in cus-*

*todia legis,* with the county treasurer of Broadwater county, where they were carried in a special and separate account on the books of the treasurer, who in turn deposited them in the State Bank of Townsend, segregated as such; that the State Bank of Townsend received the same as receivership funds, and kept and held them in a separate, special account as receivership funds, and that the State Bank of Townsend knew these funds were *in custodia legis* and trust funds. That these funds have not been paid out or disbursed by the State Bank of Townsend and no order of court now exists for their payment and disbursement, save and except the foreclosure decree hereinafter referred to. That on August 24, 1932, an order was made by Honorable O. F. Goddard, vacating the order appointing Bliler as receiver and directing the clerk of court to pay over $7,597.60 of these receivership moneys so deposited to counsel for W. D. Lasby and Marie Lasby, and caused this order to be filed in the district. court of Broadwater county, at Townsend, Montana, on August 25, 1932. That immediately on receiving knowledge of the order of Judge Goddard, on the morning of August 25, 1932, Charles N. Burgess, through E. H. Goodman, Esq., attorney of record, filed notice of appeal and served same upon Frank T. Hooks, one of the attorneys for W. D. Lasby and Marie Lasby, and acting through E. G. Toomey, another of his attorneys of record, applied to and obtained from Judge Goddard an order staying proceedings for five days on the order of August 24, 1932, vacating the receivership and directing the paying over of the moneys. That on the 25th of August, 1932, E. G. Toomey, acting on behalf of Charles N. Burgess, filed an undertaking on appeal in the sum of $300 and supersedeas bond in the sum of $17,000.

That after filing of notice of appeal and service of the same upon Frank T. Hooks, as above alleged, and after he had notice that an appeal had been initiated, and after notice that a telegraphic order staying proceedings had in fact been made by Judge Goddard and was momentarily expected at Townsend, Hooks applied to Bubser, as clerk, and obtained from him his written order on the county treasurer of Broadwater

county for $7,597.60 the entire balance of the funds collected by Bliler as receiver after deducting $800 fixed by Judge Goddard as Bliler's compensation as receiver. That Hooks presented the order of Bubser to the county treasurer of Broadwater county, and received from the county treasurer a check drawn on the State Bank of Townsend for $7,597.60 payable to Frank T. Hooks; that Hooks presented this check to the State Bank of Townsend, which bank did not have sufficient moneys to pay the same, and a cashier's check was issued to Frank T. Hooks for $7,597.60.

Fourth: That shortly after the cashier's check was issued E. G. Toomey learned thereof and made inquiry of the State Bank of Townsend concerning same, secured a description of the check and informed the State Bank of Townsend that an order had been made staying proceedings on the order directing payment of the moneys, and that Charles N. Burgess claimed the sum of $7,597.60 as funds in the hands of Bliler, as receiver, and *in custodia legis*, pending appeal from the order vacating the appointment of Bliler, as receiver, and directing payment of the moneys as aforesaid. That P. H. Murphy, cashier of the State Bank of Townsend, advised Toomey that the State Bank of Townsend would refuse payment on the check, and that the check would probably be presented for payment at a Helena bank, and authorized Toomey to communicate with the Union Bank & Trust Company and the First National Bank & Trust Company, both of Helena, and order payment stopped in the name of the State Bank of Townsend; that acting pursuant thereto, Toomey called the First National Bank & Trust Company and apprised its cashier of the description of the check and the circumstances leading up to the issuance of the same, and then and there stopped payment on this cashier's check in the name of the State Bank of Townsend, and likewise telephoned A. T. Hibbard, vice-president and cashier of the Union Bank & Trust Company a description of the check and the circumstances leading up to the issuance of the same, and then and there stopped payment on this cashier's check in the name of the State Bank of Townsend,

and that A. T. Hibbard advised Toomey that on his order the check would be refused, if presented.

Fifth: That thereafter Frank T. Hooks indorsed the check and gave it to W. D. Lasby, and thereafter W. D. Lasby presented the check to the Union Bank & Trust Company in the absence of A. T. Hibbard; that Frank Bogart, vice-president, notwithstanding the stop order, authorized payment of the check, and $7,597.60 was paid to Lasby.

Sixth: That thereafter the cashier's check was sent to the State Bank of Townsend through the Helena branch of the Federal Reserve Bank of Minneapolis and presented for payment, and returned "Payment refused—money claimed by C. N. Burgess." That thereafter the Union Bank & Trust Company made demand for payment on Frank T. Hooks and W. D. Lasby, as indorsers of the check, that payment was refused, and on December 24, 1932, the Union Bank & Trust Company filed complaint in this action against the State Bank of Townsend, Frank T. Hooks, and W. D. Lasby.

Seventh: That on August 27, 1932, Toomey, acting for C. N. Burgess, filed in this court a motion to impound funds pending appeal, i. e., the funds in the State Bank of Townsend; that after hearing thereon, this court issued its writ of injunction as set forth in the decision in *Burgess* v. *Lasby,* 93 Mont. 610, 23 Pac. (2d) 1100, which was personally served upon the Union Bank & Trust Company, the State Bank of Townsend, W. D. Lasby, Marie Lasby, Frank T. Hooks, C. A. Spaulding and J. R. Wine.

Eighth: That this court on June 28, 1933, rendered its decision on the appeal from the order of Judge Goddard vacating the appointment of the Bliler as receiver, reported in 94 Mont. 534, 24 Pac. (2d) 147. That the original appointment of Bliler as receiver was confirmed, and Bliler was directed to continue to perform and discharge the duties of his receivership, and thereupon proceeded to do so.

Ninth: That on September 13, 1933, Honorable A. J. Horsky in the original foreclosure action made a judgment and decree of foreclosure; that by the judgment and decree it was ordered,

adjudged and decreed, among other things, as follows: "That the plaintiff, Charles N. Burgess, is entitled to the rents, issues and profits and accruals of said premises from and after December 11, 1923, as in his complaint prayed for, together with all rights and remedies for the recovery of any part thereof attempted to be wrongfully disbursed as hereinabove set forth, and said defendants are not entitled to any part thereof, provided, however, that this adjudication shall in no manner or respect prejudice, interfere with or obstruct the right of this court to the right of its receiver or of the plaintiffs to the restitution and recovery of said part of said rents, issues and profits and accruals, or in any manner relieve or modify the duty and obligation of the defendants, W. D. Lasby and Marie Lasby, and each of them (and such other persons as hereafter may be found responsible) to restore the same or make restitution as heretofore and now ordered by this court." That the moneys which the Union Bank & Trust Company seek to recover from the State Bank of Townsend, Frank T. Hooks, and W. D. Lasby in this action are receivership funds collected and deposited by Bliler, as aforesaid.

Tenth: That on or about September (no year given), W. D. Lasby was adjudged a bankrupt in the United States District Court for the District of Montana, and David R. Smith was appointed trustee, is the qualified and acting trustee, and as such a proper party to this action. That the referee in bankruptcy refused to order the trustee to appeal from the decree of foreclosure in the original foreclosure action, and W. D. Lasby on or about February 19, 1934, perfected an appeal to this court "to and for the use and benefit of the bankrupt estate"; that subsequent thereto the appeal was abandoned by W. D. Lasby and the appeal was dismissed; that remittitur went down from this court to the district court of Broadwater county and the decree of foreclosure stands finally affirmed.

Eleventh: That pending the proceedings set forth in the preceding paragraph W. D. Lasby commenced proceedings in the bankruptcy court to set aside the claims of the petitioner, C. N. Burgess, founded upon the decree of foreclosure (these

claims being made without prejudice to the petitioner's rights herein) and thereafter such proceedings were had and done in the bankruptcy court as resulted in a decision by the referee on or about May 7, 1934, dismissing the proceedings of W. D. Lasby, bankrupt. That Lasby thereupon petitioned the United States District Court for the District of Montana for a review of the referee's order of May 7, 1934, and that court on October 31, 1934, approved the findings and conclusions of the referee and affirmed the order of May 7, 1934. That no appeal has been taken by Lasby from the decision of the United States District Court for Montana, and the decision is final.

Twelfth: That the sum of $7,597.60 is now and at all times since September 13, 1934, has been due, owing, and payable to the interveners Chris Bliler and Charles N. Burgess; that the interveners have often requested and demanded payment of the same from the State Bank of Townsend, from Frank T. Hooks and from W. D. Lasby, bankrupt, etc., that despite such requests and demands, the State Bank of Townsend, Frank T. Hooks, and W. D. Lasby have refused and neglected to pay the same or any part thereof. That interveners have often requested and demanded the Union Bank & Trust Company not to interfere or obstruct the payment of the same to the interveners, but plaintiff has refused and now refuses so to do; that such refusal and neglect have damaged interveners in the sum of $7,597.60 as principal, and interest at 8 per cent. from September 13, 1934.

The prayer for judgment in the complaint in intervention is as follows:

First: That the plaintiff, Union Bank & Trust Company, take nothing as against the State Bank of Townsend, and that the Union Bank & Trust Company cancel and surrender the cashier's check to the State Bank of Townsend, and that the Union Bank & Trust Company be forever restrained and enjoined from asserting or seeking to enforce any claim based on the subject of this action against the State Bank of Townsend, and from asserting or seeking to enforce any claim

against the sum of $7,597.60 belonging to the receiver, etc., and now in the State Bank of Townsend.

Second: That the defendants State Bank of Townsend, Frank T. Hooks and W. D. Lasby (and David R. Smith, as trustee of the estate of W. D. Lasby, bankrupt) jointly and/or severally, pay to Chris Bliler, as receiver, for the use and benefit of Charles N. Burgess, judgment creditor, through the district court of Broadwater county, Montana, the sum of $7,597.60 and interest at the legal rate on that sum from September 13, 1933.

Third: That the interveners have judgment against plaintiff and defendants for the costs of this intervention.

Fourth: That the interveners have such other and further relief as to the court might seem proper, in vindication of the right and authority of the district court of Broadwater county, Montana.

This complaint in intervention is filed under the provisions of section 9088, Revised Codes of 1935, which provides: "Any person may, before the trial, intervene in an action or proceeding who has an interest in the matter in litigation, *in the success of either of the parties*, or an interest against both. An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and the defendant, and is made by complaint, setting forth the grounds upon which the intervention rests, filed by leave of the court," etc.

The purpose of this section is to avoid circuity of action and multiplicity of suits. If one's interest be such that he would be prejudicially affected as a necessary consequence of the determination of the action without his presence as a party to it, he may intervene. (*Moreland* v. *Monarch Min. Co.*, 55 Mont. 419, 178 Pac. 175; *State Bank of Outlook* v. *Sheridan County*, 72 Mont. 1, 230 Pac. 1097.) Under this

258

section, intervention is permissible in any case, provided only the person seeking to intervene can show either an interest in the subject-matter of the action, *or an interest in the success of the parties, or an interest in the subject-matter as against both.* (*Stack* v. *Coyle,* 59 Mont. 444, 197 Pac. 747.)

The appellants contend that the district court was in error in sustaining the demurrer of Hooks and entering judgment of dismissal of the complaint in intervention as against Hooks, on three grounds. First, that it states a good cause of action for restitution as against Hooks. Second, that the funds involved were trust funds. Third, that the statute allowing intervention gives Burgess and Bliler a right against Hooks.

It will be necessary, in order to reach a conclusion in this matter, to consider only the third contention, which might be better stated by saying that the appellants contend that their complaint in intervention states facts sufficient to show that they have an interest in the subject-matter, an interest in the success of the parties, and particularly an interest as against the defendant Hooks in the final disposition of this matter.

When parties are admitted as interveners, the pleadings which they present and file must state facts sufficient, if true, to establish the right or interest which they claim. (*Moran* v. *Bonynge,* 157 Cal. 295, 107 Pac. 312, 315.) This does not of necessity mean or include the right to a personal judgment against Hooks. A right to a judgment or decree adverse to the rights or liabilities of Hooks as payee and indorser of the cashier's check issued by the State Bank of Townsend is sufficient.

Let us see what result would be reached if this judgment dismissing the complaint in intervention, upon the sustaining of Hooks' demurrer, was allowed to stand. We quote from the case of *Moran* v. *Bonynge,* supra: " :The demurrers having been properly sustained, the interveners ceased to have any interest in the subsequent proceedings, and their objections to the sufficiency of the findings, and to the judgment declaring the rights of the other parties, are without avail.''

In this case it would mean that the interveners would have no rights in the subsequent proceedings so far as Hooks' rights and liabilities are concerned, and could not object to the sufficiency of the findings or to the judgment declaring the rights of Hooks. An absurd situation might well be created where the interveners could object to the findings and judgment as affecting the rights of one adverse party, and be barred from objection to like findings and judgment affecting the rights of another adverse party whose rights and position in the case were practically identical.

If the complaint in intervention must be such that it must support a personal money judgment against every other party to the action, then the statute permitting intervention is useless and a nullity, and the very object it is intended to attain fails of accomplishment. That object is a full, complete and final determination of the rights of all the parties in and to the subject-matter of the action, without the necessity of a multiplicity of actions. (*Moreland* v. *Monarch Min. Co.,* supra; *Stack* v. *Coyle,* supra.)

The complaint in intervention does state facts, which, if true, show that interveners have an interest in the subject-matter of the action, and an interest adverse to Hooks and other parties to the action.

The district court erred in sustaining the demurrer of Hooks to the complaint in intervention, and the judgment of the district court dismissing the complaint in intervention as to Hooks is reversed and the cause remanded, with instruction to the district court to overrule the demurrer and allow Hooks a reasonable time to further plead.

Associate Justices Stewart, Anderson and Morris and Honorable Frank P. Leiper, District Judge, sitting in place of Mr. Chief Justice Sands, absent on account of illness, concur.