SMITH, Appellant, v. ARMSTRONG, SHERIFF, Respondent.

No. 8555

Submitted September 12, 1945. Decided January 24, 1946.

166 Pac. (2d) 793

Mr. S. J. Rigney and Mr. John W. Coburn, both of Cut Bank, for appellant.

Mr. Lloyd A. Murrills, of Cut Bank, Mr. W. R. McDonald, of Browning and Mr. D. W. Doyle, of Conrad, for respondent.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an action for the conversion of 26 horses claimed to be owned by plaintiff Smith and which were alleged to have been taken by defendant as sheriff of Glacier county. The Sherburne Mercantile Company and R. B. Fraser were allowed to intervene. A jury's verdict was for the defendant and plaintiffs in intervention. Plaintiff Smith's motion for new trial was denied and he appealed from the judgment entered upon the jury's verdict.

The facts as disclosed by the record are that John S. Smith is a resident of Canada. He and one Kearle were engaged in the business of buying and selling horses. In 1937 Smith brought a number of horses into the United States from Canada and left them at the ranch of J. J. Galbreath, a rancher in Glacier county. The understanding was that he was to pay Galbreath for the pasture and that the horses were for sale and if for

any reason they were not sold they were to be used for breeding purposes.

In May 1940 a mortgage was executed by J. J. Galbreath and his sons, J. W. Galbreath, Kenneth Galbreath and Galen Galbreath, to the intervenors, Sherburne Mercantile Company and R. B. Fraser. The mortgage covered 200 head of horses of different sexes, ages and brands. Later Mr. Lou Oliver, an employee of the Sherburne Mercantile Company, went to the Galbreath ranch and there he and two of the mortgagors, sons of J. J. Galbreath, branded some of the horses intended to be covered by the mortgage and tallied the rest. After an alleged default upon the part of the mortgagors, the mortgagees in August 1940 caused the sheriff of Glacier county to seize the horses preparatory to foreclosure of the mortgage. The horses were kept on the Galbreath place in charge of a keeper appointed by the sheriff until in the early spring of 1941 when they were taken to Browning and sold at a sheriff's sale.

Plaintiff Smith contends that some of the horses sold by the sheriff at that sale belonged to him. While the evidence offered by the plaintiff showing that he is the owner of some of the horses sold by the sheriff was very meager and unsatisfactory so far as identification of the horses is concerned, there is some evidence that plaintiff owned at least some of those horses which were sufficiently identified. There is no evidence offered by the defendant or by the intervenors to refute the evidence offered by the plaintiff as to his ownership of some of the horses. Defendant and the intervenors rely strongly upon paragraphs 11 and 12 of section 10606, Revised Codes, and contend that the horses were owned by the Galbreaths. That section reads as follows: "All other presumptions are satisfactory, if uncontradicted. They are denominated disputable presumptions, and may be controverted by other evidence. The following are of that kind: * * * 11. That things which a person possesses are owned by him. 12. That a person is the owner of property from exercising acts of ownership over it, * * *." As will be noted from the first part of section 10606, these pre-

sumptions are satisfactory, *if uncontradicted*. When they are contradicted, as here by evidence that they were left by the owner with the Galbreaths as above pointed out, they lose their value as evidence. Such presumptions are not allowable against ascertained and established facts. 50 C. J. 786. They fade away in the face of contrary facts. Welch v. All persons, 85 Mont. 114, 278 Pac. 110; Nichols v. New York Life Ins. Co., 88 Mont. 132, 292 Pac. 253. We find nothing in the record which justifies a finding by the jury that the plaintiff was not the owner of at least some of the horses described in the complaint and sold by defendant at the sheriff's sale. Because thereof the cause must be remanded for a new trial.

Since the cause must be tried again, other questions must be considered. Plaintiff moved to strike from the answer of the defendant its affirmative defense based upon the doctrine of estoppel. The court denied the motion. Defendant offered no evidence in support of the separate defense of estoppel and if upon another trial defendant does not support the affirmative defense with proof it ought on motion be stricken from the pleadings or at least an instruction given to the jury to disregard that alleged affirmative defense.

Plaintiff also predicates error upon the refusal of the court to strike the complaint in intervention and upon the action of the court in permitting the intervenors to intervene. The court did not err in allowing the mortgagees to intervene and in refusing to strike the complaint in intervention. Intervention is permissible in any case where the person asking to intervene can show either an interest in the subject matter of the action, or an interest in the success of either of the parties. Sec. 9088, Revised Codes. It is alleged in the complaint in intervention that the intervenors made and delivered to the sheriff their indemnity bond. In consequence, intervenors are interested in the success of defendant.

The next point urged by the plaintiff is that the court erred in not permitting him to give his opinion of the value of the horses which he identified as his. Upon another trial plain-

tiff should be permitted to give this testimony. Klind v. Valley County Bank of Hinsdale, 69 Mont. 386, 222 Pac. 439.

The next error complained of by plaintiff is that the court should not have overruled his objection to the reception of evidence to the effect that he had never paid taxes on any of the horses which he had at the Galbreath ranch. Whether or not plaintiff actually paid taxes on the horses was immaterial on his question of ownership. Many people who concededly own certain property fail to pay the taxes. However, according to the only cases which we have been able to find on the subject, it was proper for defendants to show, as they did, that plaintiff never listed the property for taxes. Mears v. Daniels, 84 Vt. 91, 78 A. 737; Myers v. Manlove, 53 Ind. App. 327, 101 N. E. 661. Such evidence would affect plaintiff's credibility in that by not listing the property for taxation purposes plaintiff at least by implication makes a statement that he is not the owner, contrary to his present testimony.

Plaintiff offered the following instruction which was refused: "You are instructed that in actions for conversion of personal property, where the defendant has been guilty of oppression, fraud or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example and by way of punishing the defendant for his wrongful act, in order to warrant the jury to return a verdict for such damages you must find not only that the defendant wrongfully and unlawfully converted the property of the plaintiff, but in addition that his act in so doing was characterized by circumstances of aggravation and that he wilfully and maliciously or recklessly or negligently took the same. You can not award any greater amount as exemplary damages than that demanded in the complaint, the sum of $1000.00." Plaintiff assigns error in the refusal of that instruction. The court was right in refusing this offered instruction. The circumstances in this case do not warrant the giving of an instruction on exemplary damages.

The evidence shows that whether right or wrong the defendant acted in good faith, honestly believing that he had a right to

take the horses as being a part of those embraced in the mortgage and that being so he could not be said to have acted with oppression, fraud or malice. 15 Am. Jur. "Damages," sec. 355.

The court gave an instruction, over plaintiff's objection that ■ an unrecorded brand is not to be regarded "as any proof of ownership whatever, of the animals bearing the brand." The instruction was further amplified by the following: "An unregistered brand is merely a means of identifying a horse, like the term white face or white foot, would be. The question of who owns a horse bearing an unregistered brand must be determined from other evidence, such as direct testimony and such as testimony showing the exercising of acts of ownership over it." Plaintiff assigns error in the giving of that instruction. When the instruction as a whole is considered, it fairly states the law applicable to the effect of an unrecorded brand under statutes such as ours. Mounce v. Wightman, 30 Ariz. 45, 243 Pac. 916, 44 A. L. R. 754.

The next contention of plaintiff is that the court erred in not ■ permitting the witness Galbreath to answer the question: "Do you know of your own knowledge to whom that property (the horses) belonged?" Witness Galbreath was the agent of plaintiff Smith and had possession of these horses. His statement as to who owned the horses we think was a statement of fact and not a conclusion and should have been received in evidence. Jones on Evidence, 2nd Ed., sec. 375, 376; 10 Cal. Jur. 956; 11 R. C. L. 571; McCarthy v. Anaconda Copper Min. Co., 70 Mont. 309, at page 319, 225 Pac. 391; Jones on Evidence, 2nd Ed., sec. 351; 10 Cal. Jur. 848, sec. 130, citing numerous California decisions; St. Clair v. Joos, 90 Cal. App. 311, 265 Pac. 968; Diamond v. Grath, 46 Cal. App. (2d) 443, 116 Pac. (2d) 114.

Other assignments of error made by appellant have been considered but we think it unnecessary to refer specifically to them. As to some of them the points complained of will likely not arise upon another trial, and as to others, the court was correct in its rulings.

The respondents have made cross assignments of error which we find it necessary also to consider. The principal cross assignment is that the court erred in not sustaining their motion to strike the reply and the answer to the complaint in intervention upon the ground that they were not properly verified. The point of the motion was that the verification was made by the attorney to the effect that the allegations and matters contained therein are true to his own knowledge except as to those matters stated on information and belief, and as to those matters he believes it to be true, whereas, under section 9163, Revised Codes, a verification by an attorney should be to the effect "that the matters stated in the pleading are true to the best knowledge, information and belief of such attorney." The court in denying the motion to strike granted plaintiff leave to file amended verifications. The action of the court in this respect was proper.

Respondents further assign error on the part of the court in refusing to grant their motion to amend the answer so as to plead the doctrine of confusion of goods. Ordinarily this doctrine has no application to horses or other similar property that can be readily identified. McKnight v. United States, 9 Cir., 130 F. 659. Plaintiff, of course, must bear the burden of identifying the horses which he claims and which were commingled with those of the Galbreaths, and to the extent that he fails to sustain this burden he must fail in the action. Hagan v. Cosper, 37 Ariz. 209, 292 Pac. 1020; Servel v. Corbett, 49 Idaho 536, 290 Pac. 200; Perea v. Ilfeld, 33 N. M. 445, 270 Pac. 884. Defendants are, of course, permitted to take advantage of plaintiff's inability to identify his horses in questioning the sufficiency of the proof. The rule as applied to facts such as we have here is merely one of evidence. Bowers on Law of Conversion, sec. 270, p. 198. The court did not err in denying the motion to amend the answer.

The judgment is reversed and the cause remanded for retrial.

Mr. Chief Justice Johnson and Associate Justices Adair and Cheadle concur.

Morris, J., concurs in the result.

298

On Motion for Rehearing.

Per Curiam.

On motion for rehearing it is hereby ordered:

(1) That the following be added to the decision heretofore promulgated in the above entitled action:

Further Opinion on Petition for Rehearing.

On motion for rehearing defendants contend that the court � overlooked passing upon the objection that the lower court erred in denying the motion for non-suit in that there was a failure of proof because it is alleged that plaintiff owns the horses whereas the record discloses that plaintiff and Stanley V. Kearl were partners and that the partnership owned the horses in question and that they were not owned by plaintiff individually. They rely upon the cases of Schoenborn v. Williams, 83 Mont. 477, 272 Pac. 992, and Thompson v. Shanley, 93 Mont. 235, 17 Pac. (2d) 1085.

On the issue of the partnership the record discloses the following: Plaintiff testified that: "He [Kearl] was a partner in this way. I paid him a monthly wage. I gave him a percentage of the profits at the end of the year, when we had a profit."

"Q. Was he a partner in the horses? A. Yes, in that way. I provided the money."

He was asked: "Q. You gave him an interest in the horses? A. No, I gave him a monthly wage and a percentage on the profits, so that he really did not have an interest in the horses, so far as that goes." Smith's brand was on the horses and he had control. Plaintiff said that he and Kearl were partners in the horses in the way that he had explained. He testified that if there was a loss Kearl stood no part of it.

This proof was not sufficient to show a community of title in the horses. There was sufficient evidence to show they were owned by plaintiff and it was only the profits in which there was a community of interest. When horses were sold plaintiff first received his individual investment therein and the profits only were divided between the two.

The contention that the horses are owned by the partnership

cannot be sustained within the rule stated in Weiss v. Hamilton, 40 Mont. 99, 105 Pac. 74, and State v. Grimsley, 96 Mont. 327, 30 Pac. (2d) 85.

(2)   That the motion for rehearing be and it is hereby denied.

Mr. Chief Justice Johnson and Associate Justices Morris, Adair, Angstman and Cheadle concur.

Rehearing denied March 12, 1946.