THE STATE OF MONTANA ex rel. ROBERT ABEL, RELATOR, *v.* THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF LEWIS AND CLARK, AND THE HONORABLE VICTOR H. FALL, ONE OF THE JUDGES THEREOF, RESPONDENTS.

No. 10397.
Submitted January 19, 1962. Decided January 30, 1962.
368 P.2d 572.

Weir, Gough & Booth, Edwin S. Booth, argued orally, Helena, for relator.

Loble, Picotte & Hooks, Henry Loble, argued orally, Helena, Anderson, Symmes, Forbes, Peete & Brown, Jerome Anderson, argued orally, Billings, John R. Kline, State Bd. of Equalization, Helena, for respondents.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This original proceeding is on an application for a writ of supervisory control directed to an order of the respondent district court, wherein the district court, in effect, denied the intervention of the relator in an action entitled "Garden Spot Market, Inc., a Montana Corporation, Plaintiff, v. E. J. Byrne, Dan Fulton and John C. Alley, as members of and constituting the State Board of Equalization of the State of Montana, Defendants," Cause No. 28502.

We granted an order to show cause returnable on January 19, 1962. On that day a return and answer were filed and argued on behalf of the district court by counsel; same counsel also representing the plaintiff in the action below.

The defendant State Board and its members, hereinafter referred to as defendants, also filed a "statement", to the effect that the defendants do not object to the proposed intervention, and that it "believes that other retail merchants who may be affected by the determination of the validity of legislation affecting them will be able to present pertinent facts of materiality to the question before the Court."

On October 26, 1961, the plaintiff below filed an action in declaratory judgment attacking Chapter 153, Laws of 1961, as unconstitutional. Chapter 153, generally, requires that a license be obtained before retail merchants may advertise the giving away of certain devices, referred to as "trading stamps or coupons". The complaint alleged that the plaintiff operates a supermarket, or grocery store, and that under the legislative act referred to, after the effective date of the Act, anyone

using "trading stamps" or "devices" will have to pay an annual license of $100 plus two percent of gross receipts from sales for the preceding year. It then alleges that plaintiff has given "stamps" and desires to do so in the future and that the giving of "the devices" is a legitimate method of advertising, promoting the sale of merchandise and service and at the same time affords a means by which a merchant can give a discount for the payment of cash; and that the effect of the Act will be to force the retailers to discontinue the giving of the "devices". The complaint then asserts numerous grounds of alleged unconstitutionality, among which grounds and the reasons therefor, the assertion of "unfair competition" and "discrimination" is a theme.

On November 14, 1961, the defendants filed a motion to strike certain allegations of the plaintiff's complaint. The motion to strike was set for argument on December 4, 1961.

On December 1, 1961, the relator Abel filed his petition to intervene and tendered his complaint in intervention. The respondent district court thereupon, ex parte, issued an order granting intervention and the complaint was filed.

On December 7, 1961, the plaintiff moved to quash the order granting intervention and to strike the complaint in intervention. The matter was heard on December 18, 1961.

On December 19, 1961, the respondent court granted the motion to strike the complaint in intervention on the grounds that, "careful examination of the complaint in intervention and a re-examination of the authorities on the subject satisfies this court that *the facts alleged in the complaint in intervention fail to disclose such an interest as to justify the intervention of Robert Abel.*" Emphasis supplied.

On December 21, 1961, defendant Board filed a general demurrer. The hearing on the demurrer was set for January 8, 1962, but upon our issuance of the order to show cause that hearing was vacated. With the application for a writ of supervisory control before this court, the intervenor has tendered a

general demurrer, almost identical to that of defendants, which he asserts would have been filed had he been allowed to intervene.

Referring to the underlined portion of the respondent court's order denying intervention, we should point out that the plaintiff's motion to strike the complaint in intervention was based on two grounds:

(1) That intervenor Abel did not set forth facts sufficient to show such an interest as to justify intervention under R.C.M. 1947, § 93-2826.

(2) That the interests of the intervenor are already represented adequately by the defendant State Board.

The respondent court made no finding on this second ground; but in its return to our order to show cause asserts this ground, arguing that the existence of the defendant's motion to strike portions of plaintiff's complaint, the thoroughness of the briefs, and the fact that intervenor's proposed demurrer is identical to defendants' and both defendants and intervenor seek to defend the constitutionality of the Act in question, all show that Intervenor's rights are being adequately represented by defendants.

Additionally the respondent court in its return and on argument urges that the subsequent filing of the defendants' demurrer and the tendering to this court of the proposed intervenor's demurrer should not be considered since they occurred after the order denying intervention was made.

In our discussion of the law applicable we shall refer back to the assertion of the second ground (2) above.

Also, we should note that no question or problem of procedure is before us, either as to the procedure in district court or here. In this connection, the matter is being considered under the statutes existing prior to the effective date of the new Rules of Civil Procedure.

R.C.M.1947, § 93-2826, reads as follows:

*"Intervention—when it takes place and how made. Any*

*person may, before the trial, intervene in an action or pro-*
*ceeding who has an interest in the matter in litigation, in the*
*success of either of the parties, or an interest against both.*
An intervention takes place when a third person is permitted
to become a party to an action or proceeding between other
persons, either by joining the plaintiff in claiming what is
sought by the complaint, or by uniting with the defendant in
resisting the claims of the plaintiff, or by demanding anything
adversely to both the plaintiff and the defendant, and is made
by complaint, setting forth the grounds upon which the inter-
vention rests, filed by leave of the court and served upon the
parties to the action or proceeding who have not appeared, and
upon the attorneys of the parties who have appeared, who may
answer or demur to it as if it were an original complaint.''
Emphasis supplied.

Upon reading Montana cases interpreting this statute in its
application, there seems no question but that we have adopted
an increasingly liberal construction of the statute. See Carl-
son v. Flathead County, 130 Mont. 24, 27, 293 P.2d 273, and
State ex rel. Thelen v. District Court, 93 Mont. 149, 17 P.2d 57.

The respondents, by brief, concede the foregoing statement
as follows: ''Prior to the decision in the Westlake case, supra,
[State ex rel. Westlake v. District Court etc., 119 Mont. 222,
173 P.2d 896, 169 A.L.R. 827] the court held that an inter-
venor's interest must be direct and immediate. The Westlake
case, without question, has liberalized that rule to some extent,
but it is our contention that that rule has not been liberalized
to the extent that a person with only a 'concern' may appear.''

Except for the argument of ''adequacy of representation by
the defendants'', both the intervenor and the district court
seem to agree that the law is stated in the Westlake case, supra,
and in the Carlson v. Flathead County case, supra. They do
not agree, however, on the sufficiency of the averments of the
petition and complaint in intervention to show a sufficient
interest in the intervenor.

In State ex rel. Westlake v. District Court, 119 Mont. 222, 230, 173 P.2d 896, 900, this court said:

"In the case of Burgess v. Hooks, 103 Mont. 245, 257, 62 P.2d 228, 232, after reciting section 9088, [Rev. Codes 1921, now R.C.M.1947, § 93-2826] the court said: 'The purpose of this section is to avoid circuity of action and multiplicity of suits, if intervenor's interest be such that he would be prejudicially affected as a necessary consequence of the determination of the action without his presence as a party to it, [he may intervene].'

"In the case of Smith v. Armstrong, 118 Mont. 290, 166 P.2d 793, 795, this court reviewed what had been said in a number of Montana cases relating to section 9088, supra, and repeated what former courts had said as follows: '*Intervention is permissible in any case where the person asking to intervene can show either an interest in the subject matter of the action, or an interest in the success of either of the parties.*' " Emphasis supplied.

The rules were reaffirmed in Carlson v. Flathead County, 130 Mont. 24, 28, 293 P.2d 273, 275, where the court said:

"The district court was correct in granting the State of Montana and the state board of equalization leave to intervene. The State and the state board of equalization were interested parties. In Stack v. Coyle, 59 Mont. 444, 197 P. 747, 749, Chief Justice Brantly, speaking for this court, said of section 6496 [Rev.Codes of 1907], now section 93-2826, supra, that '*The statute is broad enough in terms to permit intervention in any case, provided only the person seeking to intervene can show either an interest in the subject-matter of the action, or an interest in the success of either of the parties, or an interest in the subject-matter against both.*' Emphasis supplied. Compare Moreland v. Monarch Min. & Mill. Co., 55 Mont. 419, 178 P. 175; Burgess v. Hooks, 103 Mont. 245, 62 P.2d 228.

"In State ex rel. Thelen v. District Court, 93 Mont. 149, 157, 158, 17 P.2d 57, 58, Justice Angstman, speaking for the

court said of section 9088, Rev.Codes 1921, now section 93-2826:

*" 'Under our statute, any person may before trial intervene in an action or proceeding, who has an interest in the matter in litigation, in the success of either of the parties, or an interest against both. * * **

*" '* * * Prompted by a desire to do no injustice, and to render complete justice, courts allow the right of intervention in an equity case with liberality, when the petitioner's rights will be directly affected by the decree.'*

"In Equity Co-operative Ass'n v. Equity Co-operative Milling Co., 63 Mont. 26, 37, 206 P. 349, 352, this court said in considering this section: '* * * it appears to us that the trial court was in error in not allowing the filing of the complaint in intervention. The statute is plain * * * and, *as the intervenors made prima facie showing of interest in the subject of the litigation, they should have been allowed to intervene.'* Compare State ex rel. Westlake v. District Court, 118 Mont. 414, 167 P.2d 588, 590, 163 A.L.R. 911, wherein the court said: 'It is also made clear by the holding in the same case [Burgess v. Hooks, 103 Mont. 245, 62 P.2d 228, 229] that 'after intervention, the intervener's rights are as broad as those of the other parties to the action' and the holding in State Bank of New Salem v. Schultze, 63 Mont. 410, 209 P. 599, 603, that 'from a reading of the statute, it was clearly the legislative intent that the ordinary rules of pleading shall apply to a complaint in intervention * * *.' '' Emphasis supplied.

It is necessary then to examine the complaint in intervention to determine the interest of Abel.

Plaintiff is a grocer, a supermarket operator, who seeks by declaratory judgment to declare the so-called trade-stamp licensing act unconstitutional. He files his suit against the State Board and its members, whose duty it is to issue licenses under the act.

Intervenor asserts that he is a service station operator who

engages in selling petroleum products and service at retail, and that as such he competes with all the businesses of a similar nature in his locality in the sale and furnishing of such products and service at retail to the public. For a period of time he gave trading stamps but has ceased the practice. He is in active and substantial competition with merchants and service stations selling the same type of product or service who continue to give stamps. It is alleged that the action is for the purpose of testing the validity of the trading stamp law (Chapter 153, Laws of 1961). The various contentions of the plaintiff are summarized and the complaint in intervention then alleges that the Legislature passed the law which was a proper subject of legislative control. The complaint in intervention alleges various conditions surrounding the use of stamps and that the Legislature had ample and sufficient reason to enact the legislation. It is alleged that when petitioner gave stamps he had to purchase the stamps and give them without increasing his cost of merchandise or service and that this resulted in certain detriments to him and certain benefits to stamp companies. These detriments and benefits are asserted to be proper subjects for legislation in order to provide for fair and just competition; protection to retail merchants generally and for the protection and welfare of the public. The complaint in intervention prays that he be permitted to intervene as a party defendant who has an interest in the matter in litigation and in the success of the defendants and in resisting the claims of plaintiff.

Chapter 153, Laws of 1961, provides for the licensing of any merchant advertising or giving the trading stamps or devices defined by the Act. The passage of that Act, unless in contravention of some constitutional restriction, is a matter for legislative determination. This legislation is for the purpose of regulating the use of trading stamps in retail businesses. The type of business engaged in by petitioner is the type of business which will be affected by the Act whether he gives

stamps or not and he is the type of individual which the Legislature had in mind when it seeks to regulate such use.

Chapter 153, Laws of 1961, applies to all persons who will advertise or give stamps after a license is required under the Act. If plaintiff is successful in having the Act declared unconstitutional the declaration will apply not only to the plaintiff but all other retail merchants whether or not they give stamps. Any merchant who has to compete with merchants giving stamps will likewise be affected by the outcome of the litigation, as revealed by both plaintiff's complaint and the complaint in intervention. Petitioner has alleged he will be affected by any order declaring the Act unconstitutional. He has alleged the effect on him when he gave stamps, and he has alleged the effect and reasons for the enactment of legislation. As a retail merchant who competes with other merchants giving or not giving stamps, and also a citizen and resident of Montana, intervenor has an interest in the litigation and also an interest in the success of the defendants.

While it must be conceded that plaintiff's private right is entitled to vindication, it is equally clear that plaintiff must point to specific constitutional protectives to which he is entitled for the state has all power, save as constitutionally restrained, and its enactments are not only presumed to be constitutional, but it is the duty of the court to uphold them, if they can be upheld on any rational basis. State v. Safeway Stores, 106 Mont. 182, 76 P.2d 81.

That basic proposition at once suggests that a court, in dealing with the life of a statute, is not going to close its eyes, or confine its search, within the boundaries that lawyers establish by pleadings. Otherwise, the life of any statute would depend upon what lawyers stated, or failed to state concerning it. Intervention in a case *publici juris* should be allowed, in protection of the court, as well as the Legislature.

Respondent court argues that the amended complaint in the Westlake case, a copy of which he submitted with his

return, is much more complete in its allegations of facts showing an interest. Respondent court also urges a distinction in that the Westlake pleading in intervention demonstrated a "class" action which made it even stronger. We see no difference at this point, except in numbers, because intervenor Abel asserts all merchants and retailers in a like position would be affected. The Westlake matter came up at the answer stage, and at that point, as different from here, it might appear that more facts would be desirable or even necessary. Respondent court also urges that some, if not all, of the facts alleged by intervenor are mere conclusions as distinguished from ultimate facts. We think this position not sound here. While the pleading in intervention is not a model one, we hold that the aforementioned allegations are sufficient under the statute.

What we have already said indicates that ground (2) of the motion to strike the complaint in intervention, that is, that the interests of the intervenor are sufficiently represented by defendants is not well-taken. At this stage of the proceedings, it would not be possible, unless on a charge of incompetence, fraud, collusion, or otherwise, to know whether intervenor's interest will be protected or represented at all stages of the proceedings. The very assertion of the ground seems to admit that intervenor has an interest needing representation. Neither section 93-2826, nor our case law, requires such a showing where another interest such as here is shown.

Respondent court also expresses concern over numerous other intervenor's possible or likely appearance. As to that, we feel that the district court has ample authority to maintain orderly progress of the action to the end that the matter will be timely and properly presented.

Upon oral argument, counsel for the respondent court asserted that if we were to approve of such an interest as intervenor Abel has in the constitutionality of a licensing statute, we might then be approving for intervention a person having an interest in a question of law such as one, who has a tort

claim with a question of contributory negligence, might have in another tort case with a similar question of law. That this opinion cannot be so interpreted seems clear, and the attempted analogous result somewhat afield.

But one other matter need be mentioned. At the oral argument, counsel for respondent district court, ''doffing another hat'' as he expressed it, moved on behalf of the plaintiff that our order enjoining further proceedings pending our decision, be stricken because it will unduly delay the litigation. This motion need not be ruled upon in view of this disposition.

Because of what has been said, let the writ issue forthwith vacating the trial court's order of December 19, 1961, granting the plaintiff's motion to strike the complaint in intervention, and thereby reinstating said complaint in intervention.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, DOYLE and JOHN C. HARRISON concur.